## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

THE TRAVELERS INDEMNITY COMPANY *
OF CONNECTICUT a/s/o JENIFER PLACE
CONDOMINIUM ASSOCIATION and      *
JENIFER PLACE UNIT OWNERS
ASSOCIATION                      *      Case No.  1:06-Cv-1749
and
THE TRAVELERS INDEMNITY COMPANY  *
a/s/o JHM, LLC d/b/a CHADWICK'S AT
FRIENDSHIP HEIGHTS               *

and                              *

ERIE INSURANCE EXCHANGE          *

     Plaintiffs                *

v.                               *

YBM CONSTRUCTION, INC.           *

     Defendant                 *


\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MOTION FOR LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT

    Defendant and Third Party Plaintiff YBM Construction, Inc. (hereinafter "YBM"),

by its attorneys, Matthew T. Angotti and Rachel L. Stewart, hereby moves this honorable

Court, pursuant to Federal Rule of Civil Procedure 15(a) for leave to amend its Third-

Party Complaint.  In Support hereof, YBM states as follows:

    1.  Plaintiffs, The Travelers Indemnity Company Of Connecticut and The

Travelers Indemnity Company (hereinafter collectively referred to as "Travelers"), have

brought suit against Defendant YBM alleging responsibility arising from a fire that occurred in property owned and/or occupied by certain insureds of Plaintiffs on or about May 22, 2005. Specifically, Plaintiffs claim that Defendant YBM installed an exhaust fan that ultimately caused said fire.

2.    On or about May 31, 2007, in accordance with the Court's Scheduling Order, Defendant YBM filed a Third-Party Complaint against Third-Party Plaintiffs Kwang Soo Kim d/b/a Kim's Electric Co. and Emcon, LLC alleging that each were involved in selecting, installing/electrical wiring and venting of the exhaust fan at issue in Plaintiffs Travelers' Complaint.

3.    On or about June 19, 2007, Plaintiff Erie Insurance Exchange (hereinafter "Erie") also filed a Complaint in this Court against Defendant YBM alleging responsibility arising from said fire that occurred in property owned and/or occupied by certain insureds of Plaintiff Erie on or about May 22, 2005. Similarly, Plaintiff Erie also asserted that Defendant YBM installed an exhaust fan that ultimately caused a fire on May 22, 2005.

4.    Defendant YBM answered the suit filed by Erie but did not assert any third-party claims against Kwang Soo Kim d/b/a Kim's Electric Co. and Emcon, LLC as it was the intention of the parties to consolidate the lawsuit filed by Plaintiff Erie with the lawsuit filed by Plaintiffs Travelers.

5.    The two cases were recently consolidated.

6.    Defendant YBM seeks leave to file an Amended Third-Party Complaint to include the claims asserted against it by Plaintiff Erie against Third-Party Defendants

Kwang Soo Kim d/b/a Kim's Electric Co. and Emcon, LLC. The amendments sought by Defendant YBM are simply to include claims for indemnification and contribution for damages sought by Plaintiff Erie against Third-Party Defendants Kwang Soo Kim d/b/a Kim's Electric Co. and Emcon, LLC as Erie asserts the same cause of the damages, the exhaust fan which Defendant YBM asserts was selected, installed/electrically wired and vented by Third Party Defendants Kwang Soo Kim d/b/a Kim's Electric Co. and Emcon, LLC. A copy of the proposed Amended Third-Party Complaint is attached hereto as **Exhibit A**. All changes made to the Third-Party Complaint are underlined in the proposed Amended Third-Party Complaint attached hereto as **Exhibit B**.

7.    Third-Party Defendants are aware of Defendant YBM's intention to seek indemnification and contribution from them for the claims of Plaintiff Erie as the Complaint filed by Plaintiff Erie against Defendant YBM was previously forwarded to counsel for each Third-Party Defendant on July 24, 2007 and October 19, 2007, respectively, and the parties were aware of the intention to consolidate the cases.

8.    Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleadings by leave of court, which leave should be given freely as justice so requires.

9.    Defendant YBM has timely filed this Motion for Leave.

10.    No party will be prejudiced by the granting of this Motion.

**WHEREFORE,** Defendant and Third Party Plaintiff, YBM Construction, Inc., hereby

requests that the Court grant its Motion for Leave to File an Amended Third-Party

Complaint and file the Third-Party Complaint attached hereto as Exhibit A and grant

such other relief as fair and reasonable.


                                       /s/ Rachel L. Stewart
                                   Matthew T. Angotti
                                   Rachel L. Stewart
                                   Anderson, Coe & King, LLP
                                   201 N. Charles Street
                                   Suite 2000
                                   Baltimore, Maryland 21201
                                   410-752-1630
                                   angotti@acklaw.com
                                   stewart@acklaw.com
                                   *Attorneys for Defendant and*
                                   *Third-Party Plaintiff,*
                                   *YBM Construction, Inc.*

## NOTICE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January 2008, a copy of Defendant

YBM Construction, Inc.'s Motion for Leave to File Amended Third-Party Complaint was

electronically mailed to:

Ron L. Pingatore, Esquire
White and Williams, LLP
1800 One Liberty Place
Philadelphia, Pennsylvania 19103
pingitorer@whiteandwilliams.com

Nicholas G. Karambelas, Esquire
Sfikas & Karambelas, LLP
1201 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20004
nick@ngklaw.com

Edward J. Brown, Esquire
McCarthy Wilson, LLP
100 South Washington Street
Rockville, Maryland 20850
browne@mcwilson.com

Patricia Thornton, Esquire
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 706
Greenbelt, Maryland 20770
pthornton@lawbtp.com

Allan Noble, Esquire
Budow & Noble
7315 Wisconsin Avenue
Suite 500 West
Bethesda, Maryland 20814
anoble@budownoble.com

_____/s/ Rachel L. Stewart_____
Matthew T. Angotti
Rachel L. Stewart
Anderson, Coe & King, LLP
201 N. Charles Street
Suite 2000
Baltimore, Maryland 21201-4135
(410) 752-1630
*Attorneys for YBM Construction, Inc.*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

THE TRAVELERS INDEMNITY COMPANY *
OF CONNECTICUT a/s/o JENIFER PLACE
CONDOMINIUM ASSOCIATION and   *
JENIFER PLACE UNIT OWNERS
ASSOCIATION                        *    Case No.  1:06-Cv-1749
and
THE TRAVELERS INDEMNITY COMPANY *
a/s/o JHM, LLC d/b/a CHADWICK'S AT
FRIENDSHIP HEIGHTS           *

and                               *

ERIE INSURANCE EXCHANGE    *

      Plaintiffs                *

v.                             *

YBM CONSTRUCTION, INC.      *

      Defendant               *

v.                             *

KWANG SOO KIM              *
D/B/A KIM'S ELECTRIC CO., et al.
                             *

*    *    *    *    *    *    *    *    *    *    *    *    *

## <u>AMENDED THIRD PARTY COMPLAINT</u>

Defendant and Third Party Plaintiff, YBM Construction, Inc., by its attorneys,

Matthew T. Angotti and Rachel L. Stewart, hereby assert this Third Party Complaint

against Third Party Defendants, Emcon, LLC and Kwang Soo Kim d/b/a Kim's Electric

Co., and for good cause states as follows:



1. Plaintiffs, The Travelers Indemnity Company Of Connecticut and The Travelers Indemnity Company and Erie Insurance Exchange, have brought suit against Defendant YBM Construction, Inc. alleging responsibility arising from a fire that occurred in property owned and/or occupied by certain insureds of Plaintiffs on or about May 22, 2005.

2. Specifically, Plaintiffs contend that Defendant YBM Construction, Inc. installed an exhaust fan that ultimately caused a fire and said damage as more fully set forth in Plaintiffs' Complaints on May 22, 2005. A copy of Plaintiffs' Complaints are attached hereto and incorporated herein as **Exhibits 1** and **2**, respectively.

3. At all times relevant hereto, Third Party Defendant Emcon, LLC was responsible for selecting, installing and venting the exhaust fan at issue in Plaintiffs' Complaints.

4. At all times relevant hereto, Kwang Soo Kim d/b/a Kim's Electric Co. was responsible for the installation/electrical wiring of the exhaust fan at issue in Plaintiffs' Complaints.

5. At all times relevant hereto, Third Party Defendants were subcontractors of Defendant/Third-Party Plaintiff YBM Construction, Inc. for the contract of renovations and construction to be performed at the Friendship Dental Care leased space at 5247 Wisconsin Avenue, N.W., Washington, D.C.

6. Third Party Defendants were negligent in the performance of their contractual duties in the selection, installation and venting of the exhaust fan at issue in Plaintiffs' Complaints, and otherwise causing and/or contributing to the occurrence.

2

7. Defendant and Third Party Plaintiff disputes liability, and has filed timely answers to the Plaintiffs' Complaints. However, if the fire happened as alleged by Plaintiffs, the actions or inactions of Third Party Defendants as stated above are the sole and proximate cause of any damages and injuries sustained by Plaintiffs.

**WHEREFORE,** Defendant and Third Party Plaintiff, YBM Construction, Inc., hereby claims against Third Party Defendants, Emcon, LLC and Kwang Soo Kim d/b/a Kim's Electric Co., for indemnification of all sums, if any, Defendant and Third Party Plaintiff is adjudicated liable to Plaintiffs. In the alternative, Defendant and Third Party Plaintiff demands contribution from Third Party Defendants, Emcon, LLC and Kwang Soo Kim, d/b/a Kim's Electric Co., toward all sums, if any, Defendant and Third Party Plaintiff is adjudicated liable to Plaintiffs.

> _____/s/ Rachel L. Stewart_____
> Matthew T. Angotti
> Rachel L. Stewart
> Anderson, Coe & King, LLP
> 201 N. Charles Street
> Suite 2000
> Baltimore, Maryland 21201
> 410-752-1630
> angotti@acklaw.com
> stewart@acklaw.com
> _Attorneys for Defendant and_
> _Third-Party Plaintiff,_
> _YBM Construction, Inc._

## <u>NOTICE OF SERVICE</u>

I HEREBY CERTIFY that on this 31st day of January 2008, a copy of Defendant

YBM Construction, Inc.'s Third-Party Complaint was electronically mailed to:

Ron L. Pingatore, Esquire
White and Williams, LLP
1800 One Liberty Place
Philadelphia, Pennsylvania 19103
pingitorer@whiteandwilliams.com

Nicholas G. Karambelas, Esquire
Sfikas & Karambelas, LLP
1201 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20004
nick@ngklaw.com

Edward J. Brown, Esquire
McCarthy Wilson, LLP
100 South Washington Street
Rockville, Maryland 20850
browne@mcwilson.com

Patricia Thornton, Esquire
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 706
Greenbelt, Maryland 20770
pthornton@lawbtp.com

Allan Noble, Esquire
Budow & Noble
7315 Wisconsin Avenue
Suite 500 West
Bethesda, Maryland 20814
anoble@budownoble.com

       /s/ Rachel L. Stewart
Matthew T. Angotti
Rachel L. Stewart
Anderson, Coe & King, LLP
201 N. Charles Street
Suite 2000
Baltimore, Maryland 21201-4135
(410) 752-1630
*Attorneys for YBM Construction, Inc.*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

THE TRAVELERS INDEMNITY COMPANY OF )
CONNECTICUT a/s/o JENIFER PLACE )
CONDOMINIUM ASSOCIATION and JENIFER )
PLACE UNIT OWNERS ASSOCIATION )
One Tower Square )
Hartford, Connecticut 06183 )
                                       )
       And )
                                         )
THE TRAVELERS INDEMNITY COMPANY )
a/s/o JHM, LLC d/b/a CHADWICK'S AT )
FRIENDSHIP HEIGHTS )
One Tower Square )
Hartford, Connecticut 06183 )
                       Plaintiffs, )
                                         )
       v. )
                                         )
YBM CONSTRUCTION, INC. )
6121 University Blvd. West )
Silver Spring, MD 20902 )
                                         )
SERVE: REGISTERED AGENT )
   Zahra Youseff
   3 Washington Circle, NW
   Washington, DC 20037
                      Defendant.

COMPLAINT

0007058-06

RECEIVED
Civil Clerk's Office

SEP 1 8 2006

Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

    1.    Plaintiffs The Travelers Indemnity Company of Connecticut a/s/o Jenifer

Place Condominium Association and Jenifer Place Unit Owners Association and The

Travelers Indemnity Company a/s/o JHM, LLC d/b/a Chadwick's at Friendship Heights,

by and through their attorneys, hereby demand judgment against defendant YBM

Construction, Inc., and in support thereof allege as follows:

## PARTIES

EXHIBIT

     2.     Plaintiff, The Travelers Indemnity Company of Connecticut a/s/o Jenifer Place Condominium Association and Jenifer Place Unit Owners Association (hereinafter "Travelers"), is a corporation organized and existing under the laws of the State of Connecticut engaged in the insurance business, with a principal place of business located at One Tower Square, Hartford, Connecticut 06183.

     3.     Jenifer Place Condominium Association and Jenifer Place Unit Owners Association (hereinafter collectively "Jenifer Place") are associations organized and existing under the laws of the District of Columbia and own/operate/manage real and personal property located at 5247 Wisconsin Avenue, N.W., Washington, D.C.

     4.     Plaintiff The Travelers Indemnity Company a/s/o JHM, LLC d/b/a Chadwick's Friendship Heights (hereinafter "Travelers II"), is a corporation organized and existing under the laws of the State of Connecticut engaged in the insurance business, with a principal place of business located at One Tower Square, Hartford, Connecticut 06183

     5.     JHM, LLC d/b/a Chadwick's Friendship Heights ("Chadwick's") is a business organized and existing under the laws of the District of Columbia and, at all times relevant hereto, leased space at 5247 Wisconsin Avenue, N.W., Washington, DC where it operated as a restaurant.

     6.     Upon information and belief, defendant YBM Construction, Inc. (hereinafter "YBM") is a corporation duly organized under the State of Maryland and with a principal place of business located at 6121 University Blvd. West, Silver Spring, Maryland 20902, and is further licensed to do business in the District of Columbia, with

a registered agent address in the District of Columbia located at #3 Washington Circle

N.W., Washington, D.C. 20037.

## STATEMENT OF THE FACTS

7.      Plaintiffs incorporate the allegations set forth in all preceding paragraphs

as if set forth at length herein.

8.      Travelers issued an insurance policy, number 680-98OH2794-TCT-04, for

the period of December 10, 2004 to December 10, 2005 insuring the real and personal

property of Jenifer Place.

9.      Travelers II issued an insurance policy, number I-660-9835A979 for the

period of May 1, 2005 to May 1, 2006 insuring the real and personal property of

Chadwick's.

10.     In or about 1998, Friendship Dental Care leased space at 5247 Wisconsin

Avenue, N.W., Washington, D.C., and contracted with YBM to construct certain

improvements in the leased space (hereinafter "leased space").

11.     As part of its work, YBM specified, selected and/or installed an un-vented

exhaust fan in a utility room within the leased space.

12.     On or about May 22, 2005, a fire began in the utility room of space

occupied by Friendship Dental Care.

13.     Said fire then spread to, and did damage to, the neighboring businesses of

Friendship Dental Care, specifically Plaintiffs' insured, Jenifer Place and Chadwick's.

14.     The improper specification, selection and/or installation of the un-vented

exhaust fan system by YBM was the cause, proximate cause and/or aggravating factor

of the fire itself, and/or its subsequent spread to the premises of Plaintiffs Jenifer Place

and Chadwick's.

15.    As a result of the fire, Travelers has paid a claim amount in excess of $125,000.00 to its insured, and Travelers II has paid a claim amount in excess of $10,000.00 to their insured, and, by operation of law and/or the terms of the policies, they are subrogated to all payments made or to be made for the damages.

### COUNT I-NEGLIGENCE
### Travelers v. YBM Construction, Inc.

16.    Plaintiff Travelers incorporates by reference the allegations set forth in the foregoing paragraphs as though same were fully set forth at length herein.

17.    At all times relevant hereto, YBM acted by and through its agents, servants, employees and sub-contractors, each of whom was working in the course and scope of his or her employment and was in the scope of his or her authority, subject to the control, direction of, and for the benefit of YBM.

18.    The damages suffered by plaintiff's insured were caused by and resulted from the negligent, reckless and careless acts and/or omissions of YBM, its agents, servants, representatives, sub-contractors, sub-agents, workmen and/or employees acting in the course and scope of their authority and employment.  Said acts and/or omissions consisted of:

      a.      failing to properly and adequately supervise and/or monitor the design and installation of the fan to ensure that it was done in a good and workmanlike manner;

      b.      failing to cause the fan design and installation to be performed in a workmanlike manner;

      c.      failing to properly design and install a fan that avoided the risk of fire;

      d.      failing to properly specify, design and install the fan;

     e.      failing to recognize, perceive or warn of the risk of installing an un-vented fan in a confined space;

     f.      failing to warn of the risk of fire presented by the fan; and

     g.      failing to design and install a fan that was capable of existing and performing in high temperature space.

19.     As a direct and proximate result of YBM breaching its duty of care, as detailed above, plaintiff's insured suffered damage to their real and personal property and business interests.

### COUNT II-NEGLIGENCE
### Travelers II v. YBM Construction, Inc.

20.     Plaintiff Travelers II incorporates by reference the allegations set forth in the foregoing paragraphs as though same were fully set forth at length herein.

WHEREFORE, plaintiffs, The Travelers Indemnity Company of Connecticut a/s/o Jenifer Place Condominium Association and Jenifer Place Unit Owners Association hereby demand judgment in their favor and damages in an amount in excess of $125,000.00 plus pre-judgment interest, post judgment interest, costs and such other relief as the Court deems appropriate; and , further, The Travelers Indemnity Company a/s/o JHM, LLC d/b/a Chadwick's at Friendship Heights, hereby demand judgment in their favor and damages in an amount in excess of $10,000.00 plus pre-judgment interest, post judgment interest, costs and such other relief as the Court deems appropriate. Plaintiffs further request that this matter be set for a trial before a jury .

DOCS_PH 1908104v.1

Respectfully Submitted

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT a/s/o
JENIFER PLACE CONDOMINIUM
ASSOCIATION and JENIFER PLACE
UNIT OWNERS ASSOCIATION

And

THE TRAVELERS INDEMNITY
COMPANY a/s/o JHM, LLC d/b/a
CHADWICK'S AT FRIENDSHIP
HEIGHTS

BY

Of Counsel

Eric S. Wiener, ESQ
Counsel for the Plaintiffs
DC BAR No. 451794
2009 N. 8th St., Ste. 410
Arlington, VA 22201
(703) 248-0555
(703) 248-0551 (Fax)

DOCS_PH 1908104v.1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF) CONNECTICUT a/s/o JENIFER PLACE ) CONDOMINIUM ASSOCIATION and JENIFER ) PLACE UNIT OWNERS ASSOCIATION ) One Tower Square ) Hartford, Connecticut 06183 ) ) And ) ) THE TRAVELERS INDEMNITY COMPANY ) a/s/o JHM, LLC d/b/a CHADWICK'S AT ) FRIENDSHIP HEIGHTS ) One Tower Square ) Hartford, Connecticut 06183 ) Plaintiffs, ) ) v. ) ) YBM CONSTRUCTION, INC. ) 6121 University Blvd. West ) Silver Spring, MD 20902 ) ) SERVE: REGISTERED AGENT ) Zahra Youseff 3 Washington Circle, NW Washington, DC 20037 Defendant. | Case No.        C007058-05 |

## REQUEST FOR TRIAL BY JURY

1.    The Plaintiffs hereby respectfully request that the above styled matter be set for trial before a jury.

Respectfully Submitted

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT a/s/o
JENIFER PLACE CONDOMINIUM
ASSOCIATION and JENIFER PLACE
UNIT OWNERS ASSOCIATION

And

THE TRAVELERS INDEMNITY
COMPANY a/s/o JHM, LLC d/b/a CHADWICK'S
AT FRIENDSHIP HEIGHTS


BY: _____

Of Counsel


Eric S. Wiener, ESQ
Counsel for the Plaintiffs
DC BAR No. 451794
2009 N. 8th St., Ste. 410
Arlington, VA 22201
(703) 248-0555
(703) 248-0551 (Fax)

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ERIE INSURANCE EXCHANGE      :
100 Erie Insurance Pl.      :
Erie, PA 16530      :
*a/s/o* FRIENDSHIP DENTAL CARE PLLC    :
Suite 3A      :
5247 Wisconsin Avenue, NW    :
Washington, DC 20015    :
      :
    Plaintiffs    :
      :
    v.    : Case No._____
      :
YBM CONSTRUCTION, INC.    :
    **SERVE:**    :
    **BEHZAD MOVAHED BASHIRI**    :
    **1621 University Blvd.**    :
    **Silver Spring, MD 20902**    :
      :
    Defendant.    :

## COMPLAINT AND PRAYER FOR JURY TRIAL

COME NOW the Plaintiffs, Eric Insurance Exchange a/s/o Friendship Dental Care

PLLC, by and through their attorneys, McCarthy Wilson LLP and Edward J. Brown, and

hereby sue the Defendant, YBM Construction Inc., and for their causes of action state as

follows:

## JURISDICTION AND VENUE

1.    Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §

1332 and the individual Plaintiff's claim that are in controversy, exclusive of interest and

costs, exceed the sum of $75,000.

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770



EXHIBIT

2

2.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a), as the acts and omissions that gave rise to this matter took place in the District of Columbia;

**PARTIES**

3.    That Plaintiff, Erie Insurance Exchange (hereinafter "Erie") is Pennsylvania corporation and is duly licensed and qualified to write insurance, including but not limited to liability insurance, in the District of Columbia;

4.    That at all times relevant hereto, Plaintiff Friendship Dental Care PLLC (hereinafter "Friendship Dental") was a District of Columbia corporation;

5.    That at all times relevant hereto, Defendant YBM was a Maryland corporation that is and was doing business in District of Columbia;

6.    That the breaches of duty and damages incurred in this case occurred in the District of Columbia.

**FACTS COMMON TO ALL COUNTS**

7.    That the Plaintiffs hereby incorporate by reference all paragraphs above as if fully set forth herein;

8.    That at all times relevant to this Complaint, there was in full force and effect, a policy of liability insurance between Erie and Friendship Dental, covering its insured's dental practice located at Suite A3 at 5247 Wisconsin Avenue, N.W., Washington, D.C. 20015 (hereinafter "the Premises");

9.    That Defendant YBM was contracted by Friendship Dental to make physical improvements at the Premises by Friendship Dental;

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

2

10.   Defendant YBM selected and/or installed an un-vented exhaust Fan (the "Fan") in the utility room within the leased space as part of its contracted work at the Premises;

11.   That on or about May 22, 2005, the Premises, and the contents thereof were severely damaged by fire, heat, smoke and suppression efforts;

12.   That pursuant to Erie's insurance policy with, Erie paid to its insureds the Friendship Dental the fair and reasonable value of the damage to the Premises, loss of use, rental, business interruption, and loss of personal property;

13.   That pursuant to that policy, and as a matter of law and equity, Erie possesses the right of subrogation for the amounts paid as a result of said occurrence;

14.   That to date Erie has paid approximately Two Hundred Thirty Thousand Dollars ($230,000.00) towards that Friendship Dental's loss which excludes the insured's deductible of Two Hundred Dollars ($200.00), and is also entitled to pursue pre-judgment interest from the date of payment;

15.   That Erie's payments represent the fair and reasonable amount of damages sustained as a proximate result of the fire, heat, smoke, and suppression effort damage to the Premises and the contents thereof caused by the negligence, breaches of duty, acts, and omissions of the Defendant;

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## COUNT I
## NEGLIGENCE

16.   That the Plaintiffs hereby incorporate by reference all paragraphs above as if fully set forth herein;

3

17.    That Defendant YBM, had an affirmative duty to install, assemble, modify, inspect, and test the Fan in a reasonable and workmanlike manner;

18.    That Defendant YBM breached its aforesaid duty to the Plaintiffs by negligently failing to perform its work in a reasonable and workmanlike manner, including but not limited to:

(a)    failing to adequately supervise and/or install, examine, and assemble the Fan located on the Premises;

(b)    creating an unreasonable fire hazard by improperly installing, and/or assembling the Fan;

(c)    failing to detect and/or correct the unreasonable fire hazard the Fan presented;

(d)    failing to warn Friendship Dental of the unreasonable fire hazard present on the Premises about which it knew, or should have known;

(e)    failing to adequately hire, train, and/or supervise its representatives, agents, subagents, servants, workmen, employees and/or subcontractors to ensure that proper and safe means and methods were used in the construction, installation, examination, and/or modification of the Fan located at the Premises;

(f)    failing to apply the degree of skill which would customarily be brought to the installation and/or assemblage of the Fan by contractors in and about the relevant community;

(g)    failing to perform its work in accordance with recognized industry standards, practices, procedures and/or methods;

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

4

(h)    failing to perform its work in accordance with applicable codes, statutes, and/or ordinances;

(i)    failing to take the necessary steps in order to safeguard the Premises and the content thereof from unreasonable risk of fire; and;

(j)    being otherwise negligent and/or careless under the circumstances;

19.    That the Defendant YBM installed and allowed for the installation of the Fan without proper ventilation which caused the fire and resulting damage.

20.    That Defendant YBM breached said duty by failing to properly install and/or assemble the Fan pursuant to building code requirements and/or manufacturers instructions, failing to examine the Fan after the installation which the Defendant knew, or would have known had a proper inspection been conducted, contained an unreasonably dangerous condition which was a proximate cause of this occurrence; installing and/or allowing the Fan to be installed in an unventilated area;

21.    That the Defendant failed to use reasonable care to prevent injury to the property of Friendship Dental;

22.    That as a direct and proximate result of the Defendant's failure to use reasonable care, the Fan caused fire, heat, and smoke to be emitted into the Premises, which spread throughout the Premises and the contents thereof, causing severe damage to the Premises and property contained therein, business interruption, without any negligence on the part of the Plaintiffs contributing thereto;

23.    That as a direct and proximate result of the fire, heat, and smoke emission and resulting loss and damage to the Premises and the contents thereof, Plaintiff Erie in

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

accordance with the terms and provisions of the policy of insurance, paid for the loss by reimbursing Friendship Dental, for damage to the real property and damage to their personal property;

24.    That as a result of that payment Plaintiff Erie is subrogated to the rights of its insureds.

WHEREFORE, the Plaintiff Erie Insurance Exchange, as subrogee of Friendship Dental, and Friendship Dental demand judgment against Defendant YBM, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus costs and pre-judgment interest.

**COUNT II**
**BREACH OF CONTRACT**

25.    That the Plaintiffs hereby incorporate by reference the paragraphs above as if fully set forth herein.

26.    That Defendant YBM contracted for the remodeling of the Premises, which included the installation of the Fan, and implicitly promised and warranted that the Fan would be safely installed and safe for normal use, and that the work would be performed in a reasonable and workmanlike manner;

27.    That Defendant YBM breached this promise and warranty by installing and/or allowing for the installation of the Fan in the above-described dangerous manner, which represented an unreasonable fire hazard;

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

28.    That as a direct and proximate result of the breach of this promise and warranty, a fire erupted inside the Premises which caused severe damage to both the Premises and the contents thereof and interrupted the business of Friendship Dental,

29.    That as a direct and proximate result of the fire and resulting loss and damage to the Premises and the contents thereof, Plaintiff Erie, in accordance with the terms and provisions of its policy of insurance with Friendship Dental, paid the loss by paying for damages to the Premises, personal property and the practice in the amount of approximately Two Hundred Thirty Thousand Dollars ($230,000.00);

30.    That as a result of the payment, Plaintiff Erie is subrogated to the rights of its insured.

WHEREFORE, the Plaintiff Erie Insurance Exchange, as subrogee of Friendship Dental, and Friendship Dental demand judgment against Defendant YBM, in the amount of Two Hundred Thousand Dollars ($250,000.00), plus costs and pre-judgment interest.

<u>COUNT III</u>
**(BREACH OF EXPRESS AND IMPLIED WARRANTIES)**

31.    That the Plaintiffs incorporate by reference all preceding paragraphs as if set forth at length herein;

32.    That at the time Defendant YBM contracted with Plaintiff Friendship Dental for the work at the Premises, including but not limited to the installation of the Fan, the contract was subject to numerous express and implied warranties;

LAW OFFICES
MᶜCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

7

33.   That Defendant YBM breached the aforesaid express and implied warranties by failing to perform the contracted work in a reasonable, workmanlike, and safe manner;

34.   That as a direct and proximate result of the those breaches, the Plaintiffs sustained damages to both their real and personal property and the interruption of the business;

35.   That in accordance with the policy of liability insurance in full force and effect, Erie paid for damages and losses and retains a subrogation interest in all amounts paid;

36.   That the aforementioned damages were proximately caused by the above-stated breaches, failures, negligent and/or reckless acts and omissions, and violations of Defendant YBM without any negligence on the part of Plaintiffs;

WHEREFORE, the Plaintiff Erie Insurance Exchange, as subrogee of Friendship Dental, and Friendship Dental demand judgment against Defendant YBM, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus costs and pre-judgment interest.

Respectfully submitted,

McCARTHY WILSON LLP

Edward J. Brown, Esquire #414365
100 South Washington Street
Rockville, Maryland 20850
(301) 762-7770
browne@mcwilson.com
*Attorneys for Plaintiffs*

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

8

## JURY DEMAND

The Plaintiffs request a trial by jury on all matters contained herein.

Edward J. Brown #414365

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

9

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ERIE INSURANCE EXCHANGE a/s/o FRIENDSHIP DENTAL CARE PLLC | YBM CONSTRUCTION, INC. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Edward J. Brown, McCarthy Wilson,LLP ,
100 S. Washington St., Rockville, MD 20850
301-762-7770

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff
□ 3 Federal Question (U.S. Government Not a Party)
□ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**□ A. Antitrust**

□ 410 Antitrust

**□ B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**□ C. Administrative Agency Review**

□ 151 Medicare Act

Social Security:
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

Other Statutes
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

**□ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**□ E. General Civil (Other) OR □ F. Pro Se General Civil**

Real Property
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
☒ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

Personal Property
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

Bankruptcy
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

Prisoner Petitions
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

Property Rights
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

Federal Tax Suits
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

Other Statutes
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

| □ **G.** *Habeas Corpus/ 2255*<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ **H.** *Employment Discrimination*<br><br>□ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ **I.** *FOIA/PRIVACY ACT*<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | □ **J.** *Student Loan*<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ **K.** *Labor/ERISA (non-employment)*<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ **L.** *Other Civil Rights (non-employment)*<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ **M.** *Contract*<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ **N.** *Three-Judge Court*<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Fire loss subrogation action (diversity jurisdiction 28 USC 1332)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23  DEMAND $  Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES  □ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction) □ YES  □ NO  If yes, please complete related case form.

DATE 6/19/07  SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT: (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

THE TRAVELERS INDEMNITY COMPANY  *
OF CONNECTICUT a/s/o JENIFER PLACE
CONDOMINIUM ASSOCIATION and        *
JENIFER PLACE UNIT OWNERS
ASSOCIATION                        *       Case No.  1:06-Cv-1749
and
THE TRAVELERS INDEMNITY COMPANY  *
a/s/o JHM, LLC d/b/a CHADWICK'S AT
FRIENDSHIP HEIGHTS                 *

and                                *

ERIE INSURANCE EXCHANGE            *

      Plaintiffs             *

v.                                 *

YBM CONSTRUCTION, INC.             *

      Defendant              *

v.                                 *

KWANG SOO KIM                      *
D/B/A KIM'S ELECTRIC CO., et al.
                                   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>AMENDED THIRD PARTY COMPLAINT</u>**

Defendant and Third Party Plaintiff, YBM Construction, Inc., by its attorneys,

Matthew T. Angotti and Rachel L. Stewart, hereby assert this Third Party Complaint

against Third Party Defendants, Emcon, LLC and Kwang Soo Kim d/b/a Kim's Electric

Co., and for good cause states as follows:



1. Plaintiffs, The Travelers Indemnity Company Of Connecticut and The Travelers Indemnity Company and Erie Insurance Exchange, have brought suit against Defendant YBM Construction, Inc. alleging responsibility arising from a fire that occurred in property owned and/or occupied by certain insureds of Plaintiffs on or about May 22, 2005.

2. Specifically, Plaintiffs contend that Defendant YBM Construction, Inc. installed an exhaust fan that ultimately caused a fire and said damage as more fully set forth in Plaintiffs' Complaints on May 20, 2005.  A copy of Plaintiffs' Complaints are attached hereto and incorporated herein as **Exhibits 1 and 2, respectively**.

3. At all times relevant hereto, Third Party Defendant Emcon, LLC was responsible for selecting, installing and venting the exhaust fan at issue in Plaintiffs' Complaints.

4. At all times relevant hereto, Kwang Soo Kim d/b/a Kim's Electric Co. was responsible for the installation/electrical wiring of the exhaust fan at issue in Plaintiffs' Complaints.

5. At all times relevant hereto, Third Party Defendants were subcontractors of Defendant/Third-Party Plaintiff YBM Construction, Inc. for the contract of renovations and construction to be performed at the Friendship Dental Care leased space at 5247 Wisconsin Avenue, N.W., Washington, D.C.

6. Third Party Defendants were negligent in the performance of their contractual duties in the selection, installation and venting of the exhaust fan at issue in Plaintiffs' Complaints, and otherwise causing and/or contributing to the occurrence.

2

7. Defendant and Third Party Plaintiff disputes liability, and has filed timely answers to the Plaintiffs' Complaints. However, if the fire happened as alleged by Plaintiffs, the actions or inactions of Third Party Defendants as stated above are the sole and proximate cause of any damages and injuries sustained by Plaintiffs.

**WHEREFORE,** Defendant and Third Party Plaintiff, YBM Construction, Inc., hereby claims against Third Party Defendants, Emcon, LLC and Kwang Soo Kim d/b/a Kim's Electric Co., for indemnification of all sums, if any, Defendant and Third Party Plaintiff is adjudicated liable to Plaintiffs. In the alternative, Defendant and Third Party Plaintiff demands contribution from Third Party Defendants, Emcon, LLC and Kwang Soo Kim, d/b/a Kim's Electric Co., toward all sums, if any, Defendant and Third Party Plaintiff is adjudicated liable to Plaintiffs.

_____/s/ Rachel L. Stewart_____
Matthew T. Angotti
Rachel L. Stewart
Anderson, Coe & King, LLP
201 N. Charles Street
Suite 2000
Baltimore, Maryland 21201
410-752-1630
angotti@acklaw.com
stewart@acklaw.com
*Attorneys for Defendant and*
*Third-Party Plaintiff*
*YBM Construction, Inc.*

## <u>NOTICE OF SERVICE</u>

I HEREBY CERTIFY that on this 31st day of January 2008, a copy of Defendant

YBM Construction, Inc.'s Third-Party Complaint was electronically mailed to:

Ron L. Pingatore, Esquire
White and Williams, LLP
1800 One Liberty Place
Philadelphia, Pennsylvania 19103
pingitorer@whiteandwilliams.com

Nicholas G. Karambelas, Esquire
Sfikas & Karambelas, LLP
1201 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20004
nick@ngklaw.com

Edward J. Brown, Esquire
McCarthy Wilson, LLP
100 South Washington Street
Rockville, Maryland 20850
browne@mcwilson.com

Patricia Thornton, Esquire
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 706
Greenbelt, Maryland 20770
pthornton@lawbtp.com

Allan Noble, Esquire
Budow & Noble
7315 Wisconsin Avenue
Suite 500 West
Bethesda, Maryland 20814
anoble@budownoble.com

 

 

 

 

 

 

_____/s/ Rachel L. Stewart_____
Matthew T. Angotti
Rachel L. Stewart
Anderson, Coe & King, LLP
201 N. Charles Street
Suite 2000
Baltimore, Maryland 21201-4135
(410) 752-1630
*Attorneys for YBM Construction, Inc.*

4

Oct 03 06 11:03a                                                          p.4

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT a/s/o JENIFER PLACE CONDOMINIUM ASSOCIATION and JENIFER PLACE UNIT OWNERS ASSOCIATION One Tower Square Hartford, Connecticut 06183 | )<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

0007058-06

```
RECEIVED
Civil Clerk's Office

SEP 1 8 2006

Superior Court of the
District of Columbia
Washington, D.C.
```

And

THE TRAVELERS INDEMNITY COMPANY
a/s/o JHM, LLC d/b/a CHADWICK'S AT
FRIENDSHIP HEIGHTS
One Tower Square
Hartford, Connecticut 06183
                              Plaintiffs,

          v.

YBM CONSTRUCTION, INC.
6121 University Blvd. West
Silver Spring, MD 20902

SERVE: REGISTERED AGENT
   Zahra Youseff
   3 Washington Circle, NW
   Washington, DC 20037
                    Defendant.

### COMPLAINT

1.    Plaintiffs The Travelers Indemnity Company of Connecticut a/s/o Jenifer

Place Condominium Association and Jenifer Place Unit Owners Association and The

Travelers Indemnity Company a/s/o JHM, LLC d/b/a Chadwick's at Friendship Heights,

by and through their attorneys, hereby demand judgment against defendant YBM

Construction, Inc., and in support thereof allege as follows:

### PARTIES

DOCS_PH 1908104v.1

p.5                          6 11:39AM  HP LASERJET 3330

EXHIBIT

_____1_____

2.      Plaintiff, The Travelers Indemnity Company of Connecticut a/s/o Jenifer Place Condominium Association and Jenifer Place Unit Owners Association (hereinafter "Travelers"), is a corporation organized and existing under the laws of the State of Connecticut engaged in the insurance business, with a principal place of business located at One Tower Square, Hartford, Connecticut 06183.

3.      Jenifer Place Condominium Association and Jenifer Place Unit Owners Association (hereinafter collectively "Jenifer Place") are associations organized and existing under the laws of the District of Columbia and own/operate/manage real and personal property located at 5247 Wisconsin Avenue, N.W., Washington, D.C.

4.      Plaintiff The Travelers Indemnity Company a/s/o JHM, LLC d/b/a Chadwick's Friendship Heights (hereinafter "Travelers II"), is a corporation organized and existing under the laws of the State of Connecticut engaged in the insurance business, with a principal place of business located at One Tower Square, Hartford, Connecticut 06183

5.      JHM, LLC d/b/a Chadwick's Friendship Heights ("Chadwick's") is a business organized and existing under the laws of the District of Columbia and, at all times relevant hereto, leased space at 5247 Wisconsin Avenue, N.W., Washington, DC where it operated as a restaurant.

6.      Upon information and belief, defendant YBM Construction, Inc. (hereinafter "YBM") is a corporation duly organized under the State of Maryland and with a principal place of business located at 6121 University Blvd. West, Silver Spring, Maryland 20902, and is further licensed to do business in the District of Columbia, with

DOCS_PH 1908134v.1

a registered agent address in the District of Columbia located at #3 Washington Circle
N.W., Washington, D.C. 20037.

## STATEMENT OF THE FACTS

7.     Plaintiffs incorporate the allegations set forth in all preceding paragraphs
as if set forth at length herein.

8.     Travelers issued an insurance policy, number 680-98OH2794-TCT-04, for
the period of December 10, 2004 to December 10, 2005 insuring the real and personal
property of Jenifer Place.

9.     Travelers II issued an insurance policy, number I-660-9835A979 for the
period of May 1, 2005 to May 1, 2006 insuring the real and personal property of
Chadwick's.

10.    In or about 1998, Friendship Dental Care leased space at 5247 Wisconsin
Avenue, N.W., Washington, D.C., and contracted with YBM to construct certain
improvements in the leased space (hereinafter "leased space").

11.    As part of its work, YBM specified, selected and/or installed an un-vented
exhaust fan in a utility room within the leased space.

12.    On or about May 22, 2005, a fire began in the utility room of space
occupied by Friendship Dental Care.

13.    Said fire then spread to, and did damage to, the neighboring businesses of
Friendship Dental Care, specifically Plaintiffs' insured, Jenifer Place and Chadwick's.

14.    The improper specification, selection and/or installation of the un-vented
exhaust fan system by YBM was the cause, proximate cause and/or aggravating factor
of the fire itself, and/or its subsequent spread to the premises of Plaintiffs Jenifer Place

and Chadwick's.

     15.     As a result of the fire, Travelers has paid a claim amount in excess of $125,000.00 to its insured, and Travelers II has paid a claim amount in excess of $10,000.00 to their insured, and, by operation of law and/or the terms of the policies, they are subrogated to all payments made or to be made for the damages.

## COUNT I-NEGLIGENCE
### Travelers v. YBM Construction, Inc.

     16.     Plaintiff Travelers incorporates by reference the allegations set forth in the foregoing paragraphs as though same were fully set forth at length herein.

     17.     At all times relevant hereto, YBM acted by and through its agents, servants, employees and sub-contractors, each of whom was working in the course and scope of his or her employment and was in the scope of his or her authority, subject to the control, direction of, and for the benefit of YBM.

     18.     The damages suffered by plaintiff's insured were caused by and resulted from the negligent, reckless and careless acts and/or omissions of YBM, its agents, servants, representatives, sub-contractors, sub-agents, workmen and/or employees acting in the course and scope of their authority and employment. Said acts and/or omissions consisted of:

     a.     failing to properly and adequately supervise and/or monitor the design and installation of the fan to ensure that it was done in a good and workmanlike manner;

     b.     failing to cause the fan design and installation to be performed in a workmanlike manner;

     c.     failing to properly design and install a fan that avoided the risk of fire;

     d.     failing to properly specify, design and install the fan;

DOCS_PH 1908104v.1

> e.  failing to recognize, perceive or warn of the risk of installing an un-vented fan in a confined space;
>
> f.  failing to warn of the risk of fire presented by the fan; and
>
> g.  failing to design and install a fan that was capable of existing and performing in high temperature space.

19.    As a direct and proximate result of YBM breaching its duty of care, as detailed above, plaintiff's insured suffered damage to their real and personal property and business interests.

### COUNT I I-NEGLIGENCE
### Travelers II v. YBM Construction, Inc.

20.    Plaintiff Travelers II incorporates by reference the allegations set forth in the foregoing paragraphs as though same were fully set forth at length herein.

WHEREFORE, plaintiffs, The Travelers Indemnity Company of Connecticut a/s/o Jenifer Place Condominium Association and Jenifer Place Unit Owners Association hereby demand judgment in their favor and damages in an amount in excess of $125,000.00 plus pre-judgment interest, post judgment interest, costs and such other relief as the Court deems appropriate; and , further, The Travelers Indemnity Company a/s/o JHM, LLC d/b/a Chadwick's at Friendship Heights, hereby demand judgment in their favor and damages in an amount in excess of $10,000.00 plus pre-judgment interest, post judgment interest, costs and such other relief as the Court deems appropriate. Plaintiffs further request that this matter be set for a trial before a jury .

DOCS_PH 1908104v.1

Respectfully Submitted

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT a/s/o
JENIFER PLACE CONDOMINIUM
ASSOCIATION and JENIFER PLACE
UNIT OWNERS ASSOCIATION

And

THE TRAVELERS INDEMNITY
COMPANY a/s/o JHM, LLC d/b/a
CHADWICK'S AT FRIENDSHIP
HEIGHTS

BY _____

Of Counsel

Eric S. Wiener, ESQ
Counsel for the Plaintiffs
DC BAR No. 451794
2009 N. 8th St., Ste. 410
Arlington, VA 22201
(703) 248-0555
(703) 248-0551 (Fax)

DOCS_PH 1908104v.1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF) <br> CONNECTICUT a/s/o JENIFER PLACE     ) <br> CONDOMINIUM ASSOCIATION and JENIFER ) <br> PLACE UNIT OWNERS ASSOCIATION      ) <br> One Tower Square                      ) <br> Hartford, Connecticut 06183          ) <br>                                 ) <br>       And                     ) <br>                                 ) <br> THE TRAVELERS INDEMNITY COMPANY  ) <br> a/s/o JHM, LLC d/b/a CHADWICK'S AT   ) <br> FRIENDSHIP HEIGHTS             ) <br> One Tower Square                     ) <br> Hartford, Connecticut 06183         ) <br>                 Plaintiffs,   ) <br>                                 ) <br>     v.                         ) <br>                                 ) <br> YBM CONSTRUCTION, INC.        ) <br> 6121 University Blvd. West       ) <br> Silver Spring, MD 20902         ) <br>                                 ) <br> SERVE: REGISTERED AGENT      ) <br>   Zahra Youseff <br>   3 Washington Circle, NW <br>   Washington, DC 20037 <br>               Defendant. | Case No.      C007058-0F |

**REQUEST FOR TRIAL BY JURY**

1.    The Plaintiffs hereby respectfully request that the above styled matter be set for trial before a jury.

Respectfully Submitted

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT a/s/o
JENIFER PLACE CONDOMINIUM
ASSOCIATION and JENIFER PLACE
UNIT OWNERS ASSOCIATION

And

THE TRAVELERS INDEMNITY
COMPANY a/s/o JHM, LLC d/b/a CHADWICK'S
AT FRIENDSHIP HEIGHTS


BY: _____

Of Counsel


Eric S. Wiener, ESQ
Counsel for the Plaintiffs
DC BAR No. 451794
2009 N. 8th St., Ste. 410
Arlington, VA 22201
(703) 248-0555
(703) 248-0551 (Fax)

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE | : |
| 100 Erie Insurance Pl. | : |
| Erie, PA 16530 | : |
| *a/s/o* FRIENDSHIP DENTAL CARE PLLC | : |
| Suite 3A | : |
| 5247 Wisconsin Avenue, NW | : |
| Washington, DC 20015 | : |
| | : |
|     Plaintiffs | : |
| | : |
|     v. | : Case No._____ |
| | : |
| YBM CONSTRUCTION, INC. | : |
|     **SERVE:** | : |
|     **BEHZAD MOVAHED BASHIRI** | : |
|     **1621 University Blvd.** | : |
|     **Silver Spring, MD 20902** | : |
| | : |
|     Defendant. | : |

## COMPLAINT AND PRAYER FOR JURY TRIAL

COME NOW the Plaintiffs, Erie Insurance Exchange a/s/o Friendship Dental Care

PLLC, by and through their attorneys, McCarthy Wilson LLP and Edward J. Brown, and

hereby sue the Defendant, YBM Construction Inc., and for their causes of action state as

follows:

## JURISDICTION AND VENUE

1.      Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §

1332 and the individual Plaintiff's claim that are in controversy, exclusive of interest and

costs, exceed the sum of $75,000.

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

**EXHIBIT**

2

2.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a), as the acts and omissions that gave rise to this matter took place in the District of Columbia;

## PARTIES

3.    That Plaintiff, Erie Insurance Exchange (hereinafter "Erie") is Pennsylvania corporation and is duly licensed and qualified to write insurance, including but not limited to liability insurance, in the District of Columbia;

4.    That at all times relevant hereto, Plaintiff Friendship Dental Care PLLC (hereinafter "Friendship Dental") was a District of Columbia corporation;

5.    That at all times relevant hereto, Defendant YBM was a Maryland corporation that is and was doing business in District of Columbia;

6.    That the breaches of duty and damages incurred in this case occurred in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

7.    That the Plaintiffs hereby incorporate by reference all paragraphs above as if fully set forth herein;

8.    That at all times relevant to this Complaint, there was in full force and effect, a policy of liability insurance between Erie and Friendship Dental, covering its insured's dental practice located at Suite A3 at 5247 Wisconsin Avenue, N.W., Washington, D.C. 20015 (hereinafter "the Premises");

9.    That Defendant YBM was contracted by Friendship Dental to make physical improvements at the Premises by Friendship Dental;

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

2

10.    Defendant YBM selected and/or installed an un-vented exhaust Fan (the "Fan") in the utility room within the leased space as part of its contracted work at the Premises;

11.    That on or about May 22, 2005, the Premises, and the contents thereof were severely damaged by fire, heat, smoke and suppression efforts;

12.    That pursuant to Erie's insurance policy with, Erie paid to its insureds the Friendship Dental the fair and reasonable value of the damage to the Premises, loss of use, rental, business interruption, and loss of personal property;

13.    That pursuant to that policy, and as a matter of law and equity, Erie possesses the right of subrogation for the amounts paid as a result of said occurrence;

14.    That to date Erie has paid approximately Two Hundred Thirty Thousand Dollars ($230,000.00) towards that Friendship Dental's loss which excludes the insured's deductible of Two Hundred Dollars ($200.00), and is also entitled to pursue pre-judgment interest from the date of payment;

15.    That Erie's payments represent the fair and reasonable amount of damages sustained as a proximate result of the fire, heat, smoke, and suppression effort damage to the Premises and the contents thereof caused by the negligence, breaches of duty, acts, and omissions of the Defendant;

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## COUNT I
## NEGLIGENCE

16.    That the Plaintiffs hereby incorporate by reference all paragraphs above as if fully set forth herein;

3

17.    That Defendant YBM, had an affirmative duty to install, assemble, modify, inspect, and test the Fan in a reasonable and workmanlike manner;

18.    That Defendant YBM breached its aforesaid duty to the Plaintiffs by negligently failing to perform its work in a reasonable and workmanlike manner, including but not limited to:

(a)    failing to adequately supervise and/or install, examine, and assemble the Fan located on the Premises;

(b)    creating an unreasonable fire hazard by improperly installing, and/or assembling the Fan;

(c)    failing to detect and/or correct the unreasonable fire hazard the Fan presented;

(d)    failing to warn Friendship Dental of the unreasonable fire hazard present on the Premises about which it knew, or should have known;

(e)    failing to adequately hire, train, and/or supervise its representatives, agents, subagents, servants, workmen, employees and/or subcontractors to ensure that proper and safe means and methods were used in the construction, installation, examination, and/or modification of the Fan located at the Premises;

(f)    failing to apply the degree of skill which would customarily be brought to the installation and/or assemblage of the Fan by contractors in and about the relevant community;

(g)    failing to perform its work in accordance with recognized industry standards, practices, procedures and/or methods;

LAW OFFICES
McCarthy Wilson
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

4

(h)    failing to perform its work in accordance with applicable codes, statutes, and/or ordinances;

(i)    failing to take the necessary steps in order to safeguard the Premises and the content thereof from unreasonable risk of fire; and;

(j)    being otherwise negligent and/or careless under the circumstances;

19.    That the Defendant YBM installed and allowed for the installation of the Fan without proper ventilation which caused the fire and resulting damage.

20.    That Defendant YBM breached said duty by failing to properly install and/or assemble the Fan pursuant to building code requirements and/or manufacturers instructions, failing to examine the Fan after the installation which the Defendant knew, or would have known had a proper inspection been conducted, contained an unreasonably dangerous condition which was a proximate cause of this occurrence; installing and/or allowing the Fan to be installed in an unventilated area;

21.    That the Defendant failed to use reasonable care to prevent injury to the property of Friendship Dental;

22.    That as a direct and proximate result of the Defendant's failure to use reasonable care, the Fan caused fire, heat, and smoke to be emitted into the Premises, which spread throughout the Premises and the contents thereof, causing severe damage to the Premises and property contained therein, business interruption, without any negligence on the part of the Plaintiffs contributing thereto;

23.    That as a direct and proximate result of the fire, heat, and smoke emission and resulting loss and damage to the Premises and the contents thereof, Plaintiff Erie in

LAW OFFICES
McCarthy Wilson
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

5

accordance with the terms and provisions of the policy of insurance, paid for the loss by reimbursing Friendship Dental, for damage to the real property and damage to their personal property;

24.     That as a result of that payment Plaintiff Erie is subrogated to the rights of its insureds.

WHEREFORE, the Plaintiff Erie Insurance Exchange, as subrogee of Friendship Dental, and Friendship Dental demand judgment against Defendant YBM, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus costs and pre-judgment interest.

**COUNT II**
**BREACH OF CONTRACT**

25.     That the Plaintiffs hereby incorporate by reference the paragraphs above as if fully set forth herein.

26.     That Defendant YBM contracted for the remodeling of the Premises, which included the installation of the Fan, and implicitly promised and warranted that the Fan would be safely installed and safe for normal use, and that the work would be performed in a reasonable and workmanlike manner;

27.     That Defendant YBM breached this promise and warranty by installing and/or allowing for the installation of the Fan in the above-described dangerous manner, which represented an unreasonable fire hazard;

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

6

28. That as a direct and proximate result of the breach of this promise and warranty, a fire erupted inside the Premises which caused severe damage to both the Premises and the contents thereof and interrupted the business of Friendship Dental,

29. That as a direct and proximate result of the fire and resulting loss and damage to the Premises and the contents thereof, Plaintiff Erie, in accordance with the terms and provisions of its policy of insurance with Friendship Dental, paid the loss by paying for damages to the Premises, personal property and the practice in the amount of approximately Two Hundred Thirty Thousand Dollars ($230,000.00);

30. That as a result of the payment, Plaintiff Erie is subrogated to the rights of its insured.

WHEREFORE, the Plaintiff Erie Insurance Exchange, as subrogee of Friendship Dental, and Friendship Dental demand judgment against Defendant YBM, in the amount of Two Hundred Thousand Dollars ($250,000.00), plus costs and pre-judgment interest.

## COUNT III
### (BREACH OF EXPRESS AND IMPLIED WARRANTIES)

31. That the Plaintiffs incorporate by reference all preceding paragraphs as if set forth at length herein;

32. That at the time Defendant YBM contracted with Plaintiff Friendship Dental for the work at the Premises, including but not limited to the installation of the Fan, the contract was subject to numerous express and implied warranties;

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

7

33.    That Defendant YBM breached the aforesaid express and implied warranties by failing to perform the contracted work in a reasonable, workmanlike, and safe manner;

34.    That as a direct and proximate result of the those breaches, the Plaintiffs sustained damages to both their real and personal property and the interruption of the business;

35.    That in accordance with the policy of liability insurance in full force and effect, Erie paid for damages and losses and retains a subrogation interest in all amounts paid;

36.    That the aforementioned damages were proximately caused by the above-stated breaches, failures, negligent and/or reckless acts and omissions, and violations of Defendant YBM without any negligence on the part of Plaintiffs;

WHEREFORE, the Plaintiff Erie Insurance Exchange, as subrogee of Friendship Dental, and Friendship Dental demand judgment against Defendant YBM, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus costs and pre-judgment interest.

Respectfully submitted,

McCARTHY WILSON LLP

Edward J. Brown, Esquire #414365
100 South Washington Street
Rockville, Maryland 20850
(301) 762-7770
browne@mcwilson.com
*Attorneys for Plaintiffs*

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

8

## JURY DEMAND

The Plaintiffs request a trial by jury on all matters contained herein.

Edward J. Brown #414365

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

9

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ERIE INSURANCE EXCHANGE a/s/o FRIENDSHIP DENTAL CARE PLLC | YBM CONSTRUCTION, INC. |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Edward J. Brown, McCarthy Wilson,LLP., 100 S. Washington St., Rockville, MD 20850 301-762-7770 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☒ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Fire loss subrogation action (diversity jurisdiction 28 USC 1332)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS    □    ACTION UNDER F.R.C.P. 23    DEMAND $    Check YES only if demanded in complaint    JURY DEMAND: ☒ YES    □ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    □ YES    □ NO    If yes, please complete related case form.

DATE 6/9/07    SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT. (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.