## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : Case No. 1:06-cv-1749 (RMC) |
| | : |
| YBM CONSTRUCTION, INC. | : |
| | : |
| and | : |
| | : |
| KWANG SOO KIM | : |
| d/b/a KIM'S ELECTRIC CO. | : |
| 4221 Pickett Road | : |
| Fairfax, Virginia 22032 | : |
| | : |
| and | : |
| | : |
| EMCON, LLC | : |
| c/o Stefan J. Hasney, Resident Agent | : |
| 8126 Lilly Stone Drive | : |
| Bethesda, Maryland 20817 | : |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Erie Insurance Exchange a/s/o Friendship Dental Care PLLC, by and through its attorneys, McCarthy Wilson LLP and Edward J. Brown, and hereby sues the Defendants, YBM Construction Inc., Kwang Soo Kim d/b/a Kim's Electric Co., and Emcon, LLC, and for its causes of action state as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332 and the Plaintiff's claim that is in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

2. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a), as the acts and omissions that gave rise to this matter took place in the District of Columbia;

## PARTIES

3. That Plaintiff, Erie Insurance Exchange (hereinafter "Erie") is Pennsylvania corporation and is duly licensed and qualified to write insurance, including but not limited to property insurance, in the District of Columbia;

4. That at all times relevant hereto, Defendant YBM was a Maryland corporation that is and was doing business in the District of Columbia;

5. That at all times relevant hereto, Defendant Kwang Soo Kim d/b/a Kim's Electric Co. was a Virginia corporation that is and was doing business in the District of Columbia;

6. That at all times relevant hereto, Defendant Emcon, LLC was a Maryland corporation that is and was doing business in the District of Columbia;

7. That the breaches of duty and damages incurred in this case occurred in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

8. That the Plaintiff hereby incorporates by reference all paragraphs above as if fully set forth herein;

9. That at all times relevant to this Complaint, there was in full force and effect, a policy of liability insurance between Erie and Friendship Dental, covering its insured's dental practice located at Suite A3 at 5247 Wisconsin Avenue, N.W., Washington, D.C. 20015 (hereinafter "the Premises");

10. That Defendant YBM was contracted by Friendship Dental to make physical improvements at the Premises by Friendship Dental;

11. Defendant YBM selected and/or installed, and/or supervised, inspected, and/or approved the installation of an un-vented exhaust fan (hereinafter the "Fan") and its accompanying electrical service work (said installation, supervision, etc. and the accompanying electrical work shall hereinafter be referred to as the "Fan Work") in the utility room within the leased space as part of its contracted work at the Premises;

12. Defendant YBM filed a Third-Party Complaint alleging that, in fact, Emcon, LLC was responsible for selecting, installing, and improperly venting the exhaust Fan/Fan Work at issue, and that Kwang Soo Kim d/b/a Kim's Electric Co. was responsible for the installation/electrical wiring of the exhaust Fan/Fan Work at issue;

13. That on or about May 22, 2005, the Premises, and the contents thereof were severely damaged by fire, heat, smoke and suppression efforts;

14. That pursuant to Erie's insurance policy with Friendship Dental, Erie paid to its insureds the fair and reasonable value of the damage to the Premises, loss of use, rental, business interruption, and loss of personal property;

15. That pursuant to that policy, and as a matter of law and equity, Erie possesses the right of subrogation for the amounts paid as a result of said occurrence;

16. That to date Erie has paid approximately Two Hundred Thirty Thousand Dollars ($230,000.00) towards Friendship Dental's loss, which excludes the insured's deductible of Two Hundred Dollars ($200.00), and is also entitled to pursue pre-judgment interest from the date of payment;

17. That Erie's payments represent the fair and reasonable amount of damages sustained as a proximate result of the fire, heat, smoke, and suppression effort damage to the Premises and the contents thereof caused by the negligence, breaches of duty, acts, and omissions of the Defendants;

## COUNT I
## NEGLIGENCE – YBM CONSTRUCTION, INC.

18. That the Plaintiff hereby incorporates by reference all paragraphs above as if fully set forth herein;

19. That Defendant YBM, had an affirmative duty to install, assemble, modify, inspect, and test the Fan/Fan Work in a reasonable and workmanlike manner, particularly in light of the risk of fire and serious bodily injury or death related thereto;

20. That Defendant YBM breached its aforesaid duty to the Plaintiff by negligently failing to perform its work in a reasonable and workmanlike manner, including but not limited to:

(a) failing to adequately supervise and/or install, examine, and assemble the Fan/Fan Work located on the Premises;

(b) creating an unreasonable fire hazard by improperly installing, venting and/or assembling the Fan/Fan Work;

(c) failing to detect and/or correct the unreasonable fire hazard the Fan/Fan Work presented;

(d) failing to warn Friendship Dental of the unreasonable fire hazard present on the Premises about which it knew, or should have known;

(e) failing to adequately hire, train, and/or supervise its representatives, agents, subagents, servants, workmen, employees, contractors and/or subcontractors to ensure that proper and safe means and methods were used in the construction, installation, examination, and/or modification of the Fan/Fan Work located at the Premises;

(f) failing to apply the degree of skill which would customarily be brought to the installation, venting and/or assemblage of the Fan/Fan Work by contractors in and about the relevant community;

(g) failing to perform its work in accordance with recognized industry standards, practices, procedures and/or methods;

(h) failing to perform its work in accordance with applicable codes, statutes, and/or ordinances;

(i) failing to take the necessary steps in order to safeguard the Premises and the content thereof from unreasonable risk of fire; and;

(j) being otherwise negligent and/or careless under the circumstances;

21. That the Defendant YBM installed and allowed for the installation of the Fan/Fan Work without proper ventilation which caused the fire and resulting damage.

22. That Defendant YBM breached said duty by failing to properly install and/or assemble the Fan/Fan Work pursuant to building code requirements and/or manufacturers instructions, failing to examine the Fan/Fan Work after the installation which the Defendant knew, or would have known had a proper inspection been conducted, contained an unreasonably dangerous condition which was a proximate cause

of this occurrence; installing and/or allowing the Fan/Fan Work to be installed in an unventilated area;

23. That the Defendant failed to use reasonable care to prevent injury to the property of Friendship Dental;

24. That as a direct and proximate result of the Defendant's failure to use reasonable care, the Fan/Fan Work caused fire, heat, and smoke to be emitted into the Premises, which spread throughout the Premises and the contents thereof, causing severe damage to the Premises and property contained therein, business interruption, without any negligence on the part of the Plaintiff contributing thereto;

25. That as a direct and proximate result of the fire, heat, and smoke emission and resulting loss and damage to the Premises and the contents thereof, Plaintiff Erie in accordance with the terms and provisions of the policy of insurance, paid for the loss by reimbursing Friendship Dental, for damage to the real property and damage to their personal property;

26. That as a result of that payment Plaintiff Erie is subrogated to the rights of its insureds.

WHEREFORE, the Plaintiff Erie Insurance Exchange, as subrogee of Friendship Dental, and Friendship Dental demands judgment against Defendant YBM, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus costs and pre-judgment interest.

## COUNT II
### BREACH OF CONTRACT – YBM CONSTRUCTION, INC.

27. That the Plaintiff hereby incorporates by reference the paragraphs above as if fully set forth herein.

28. That Defendant YBM contracted for the remodeling of the Premises, which included the installation of the Fan/Fan Work, and implicitly promised and warranted that the Fan/Fan Work would be safely installed and safe for normal use, and that the work would be performed in a reasonable and workmanlike manner;

29. That Defendant YBM breached this promise and warranty by installing and/or allowing for the installation of the Fan/Fan Work in the above-described dangerous manner, which represented an unreasonable fire hazard;

30. That as a direct and proximate result of the breach of this promise and warranty, a fire erupted inside the Premises which caused severe damage to both the Premises and the contents thereof and interrupted the business of Friendship Dental,

31. That as a direct and proximate result of the fire and resulting loss and damage to the Premises and the contents thereof, Plaintiff Erie, in accordance with the terms and provisions of its policy of insurance with Friendship Dental, paid the loss by paying for damages to the Premises, personal property and the practice in the amount of approximately Two Hundred Thirty Thousand Dollars ($230,000.00);

32. That as a result of the payment, Plaintiff Erie is subrogated to the rights of its insured.

WHEREFORE, the Plaintiff Erie Insurance Exchange, as subrogee of Friendship Dental, and Friendship Dental demand judgment against Defendant YBM, in the amount of Two Hundred Thousand Dollars ($250,000.00), plus costs and pre-judgment interest.

## COUNT III
### BREACH OF EXPRESS AND IMPLIED WARRANTIES – YBM CONSTRUCTION, INC,

33. That the Plaintiff incorporates by reference all preceding paragraphs as if set forth at length herein;

34. That at the time Defendant YBM contracted with Plaintiff Friendship Dental for the work at the Premises, including but not limited to the installation of the Fan/Fan Work, the contract was subject to numerous express and implied warranties;

35. That Defendant YBM breached the aforesaid express and implied warranties by failing to perform the contracted work in a reasonable, workmanlike, and safe manner;

36. That as a direct and proximate result of the those breaches, the Plaintiff sustained damages to both their real and personal property and the interruption of the business;

37. That in accordance with the policy of liability insurance in full force and effect, Erie paid for damages and losses and retains a subrogation interest in all amounts paid;

38. That the aforementioned damages were proximately caused by the above-stated breaches, failures, negligent and/or reckless acts and omissions, and violations of Defendant YBM without any negligence on the part of Plaintiff;

8

WHEREFORE, the Plaintiff Erie Insurance Exchange, as subrogee of Friendship Dental, and Friendship Dental demand judgment against Defendant YBM, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus costs and pre-judgment interest.

## COUNT IV
## NEGLIGENCE – EMCON, LLC

39. That the Plaintiff hereby incorporates by reference all paragraphs above as if fully set forth herein;

40. That Defendant Emcon had an affirmative duty to install, assemble, modify, inspect, and test the Fan/Fan Work in a reasonable and workmanlike manner, particularly in light of the risk of fire and serious bodily injury or death related thereto;

41. That Defendant Emcon breached its aforesaid duty to the Plaintiff by negligently failing to perform its work in a reasonable and workmanlike manner, including but not limited to:

(a) failing to adequately supervise and/or install, examine, and assemble the Fan/Fan Work located on the Premises;

(b) creating an unreasonable fire hazard by improperly installing, venting and/or assembling the Fan/Fan Work;

(c) failing to detect and/or correct the unreasonable fire hazard the Fan/Fan Work presented;

(d) failing to warn Friendship Dental of the unreasonable fire hazard present on the Premises about which it knew, or should have known;

(e) failing to adequately hire, train, and/or supervise its representatives, agents, subagents, servants, workmen, employees, contractors and/or subcontractors to ensure that proper and safe means and methods were used in the construction, installation, examination, and/or modification of the Fan/Fan Work located at the Premises;

(f) failing to apply the degree of skill which would customarily be brought to the installation, venting and/or assemblage of the Fan/Fan Work by contractors in and about the relevant community;

(g) failing to perform its work in accordance with recognized industry standards, practices, procedures and/or methods;

(h) failing to perform its work in accordance with applicable codes, statutes, and/or ordinances;

(i) failing to take the necessary steps in order to safeguard the Premises and the content thereof from unreasonable risk of fire; and;

(j) being otherwise negligent and/or careless under the circumstances;

42. That the Defendant Emcon installed and allowed for the installation of the Fan/Fan Work without proper ventilation which caused the fire and resulting damage.

43. That Defendant Emcon breached said duty by failing to properly install and/or assemble the Fan/Fan Work pursuant to building code requirements and/or manufacturers instructions, failing to examine the Fan/Fan Work after the installation which the Defendant knew, or would have known had a proper inspection been conducted, contained an unreasonably dangerous condition which was a proximate cause

of this occurrence; installing and/or allowing the Fan/Fan Work to be installed in an unventilated area;

44. That the Defendant failed to use reasonable care to prevent injury to the property of Friendship Dental;

45. That as a direct and proximate result of the Defendant's failure to use reasonable care, the Fan/Fan Work caused fire, heat, and smoke to be emitted into the Premises, which spread throughout the Premises and the contents thereof, causing severe damage to the Premises and property contained therein, business interruption, without any negligence on the part of the Plaintiff contributing thereto;

46. That as a direct and proximate result of the fire, heat, and smoke emission and resulting loss and damage to the Premises and the contents thereof, Plaintiff Erie in accordance with the terms and provisions of the policy of insurance, paid for the loss by reimbursing Friendship Dental, for damage to the real property and damage to their personal property;

47. That as a result of that payment Plaintiff Erie is subrogated to the rights of its insureds.

WHEREFORE, the Plaintiff Erie Insurance Exchange, as subrogee of Friendship Dental, and Friendship Dental demand judgment against Defendant Emcon, LLC, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus costs and pre-judgment interest.

## COUNT V
## NEGLIGENCE – KWANG SOO KIM D/B/A KIM'S ELECTRIC CO.

48. That the Plaintiff hereby incorporates by reference all paragraphs above as if fully set forth herein;

49. That Defendant Kwang Soo Kim d/b/a Kim's Electric Co., had an affirmative duty to install, assemble, modify, inspect, and test the Fan/Fan Work in a reasonable and workmanlike manner, particularly in light of the risk of fire and serious bodily injury or death related thereto;

50. That Defendant Kwang Soo Kim d/b/a Kim's Electric Co.breached its aforesaid duty to the Plaintiff by negligently failing to perform its work in a reasonable and workmanlike manner, including but not limited to:

(a) failing to adequately supervise and/or install, examine, and assemble the Fan/Fan Work located on the Premises;

(b) creating an unreasonable fire hazard by improperly installing, venting and/or assembling the Fan/Fan Work;

(c) failing to detect and/or correct the unreasonable fire hazard the Fan/Fan Work presented;

(d) failing to warn Friendship Dental of the unreasonable fire hazard present on the Premises about which it knew, or should have known;

(e) failing to adequately hire, train, and/or supervise its representatives, agents, subagents, servants, workmen, employees, contractors and/or subcontractors to ensure that proper and safe means and methods were used in the construction, installation, examination, and/or modification of the Fan/Fan Work located at the Premises;

(f) failing to apply the degree of skill which would customarily be brought to the installation, venting and/or assemblage of the Fan/Fan Work by contractors in and about the relevant community;

(g) failing to perform its work in accordance with recognized industry standards, practices, procedures and/or methods;

(h) failing to perform its work in accordance with applicable codes, statutes, and/or ordinances;

(i) failing to take the necessary steps in order to safeguard the Premises and the content thereof from unreasonable risk of fire; and;

(j)     being otherwise negligent and/or careless under the circumstances;

51.    That the Defendant Kwang Soo Kim d/b/a Kim's Electric Co. installed and allowed for the installation of the Fan/Fan Work without proper ventilation which caused the fire and resulting damage.

52.    That Defendant Kwang Soo Kim d/b/a Kim's Electric Co. breached said duty by failing to properly install and/or assemble the Fan/Fan Work pursuant to building code requirements and/or manufacturers instructions, failing to examine the Fan/Fan Work after the installation which the Defendant knew, or would have known had a proper inspection been conducted, contained an unreasonably dangerous condition which was a proximate cause of this occurrence; installing and/or allowing the Fan/Fan Work to be installed in an unventilated area;

53.    That the Defendant failed to use reasonable care to prevent injury to the property of Friendship Dental;

54. That as a direct and proximate result of the Defendant's failure to use reasonable care, the Fan/Fan Work caused fire, heat, and smoke to be emitted into the Premises, which spread throughout the Premises and the contents thereof, causing severe damage to the Premises and property contained therein, business interruption, without any negligence on the part of the Plaintiff contributing thereto;

55. That as a direct and proximate result of the fire, heat, and smoke emission and resulting loss and damage to the Premises and the contents thereof, Plaintiff Erie in accordance with the terms and provisions of the policy of insurance, paid for the loss by reimbursing Friendship Dental, for damage to the real property and damage to their personal property;

56. That as a result of that payment Plaintiff Erie is subrogated to the rights of its insureds..

WHEREFORE, the Plaintiff Erie Insurance Exchange, as subrogee of Friendship Dental, and Friendship Dental demand judgment against Third-Party Defendants Kwang Soo Kim d/b/a Kim's Electric Co., in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus costs and pre-judgment interest.

## JURY DEMAND

The Plaintiff request a trial by jury on all matters contained herein.

/s/
Edward J. Brown #414365