**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT a/s/o JENIFER PLACE CONDOMINIUM ASSOCIATION and JENIFER PLACE UNIT OWNERS ASSOCIATION, et al.<br><br>    Plaintiffs<br><br>    V.<br><br>YBM CONSTRUCTION, INC.<br><br>    Defendant/Third-Party Plaintiff<br><br>    V.<br><br>KWANG SOO KIM d/b/a<br>KIM'S ELECTRIC CO.<br><br>and<br><br>EMCON, LLC<br><br>    Third-Party Defendants | Case No. 1:06-cv-1749 (RMC) |

**ANSWER OF THIRD-PARTY DEFENDANT
EMCON CONSTRUCTION CORPORATION TO
PLAINTIFF ERIE INSURANCE EXCHANGE'S FIRST AMENDED COMPLAINT**

Now comes the Third-Party Defendant, Emcon Construction Corporation, erroneously named as Emcon, LLC, by and through its attorneys, Budow and Noble, P.C., and Allan A. Noble, Esquire, and for its Answer to Erie Insurance Exchange's First Amended Complaint states as follows:

## **FIRST DEFENSE**

That the First Amended Complaint fails to state any claim upon which relief may be granted.

## **SECOND DEFENSE**

Answering the specific allegations contained in the First Amended Complaint by corresponding paragraph number, this Third-Party Defendant states as follows:

1. Denied.

2. Denied.

3. Admitted.

4-5. That it is without knowledge as to the allegations contained in paragraphs 3 through 5, and therefore denies same and demands strict proof thereof.

6. It is admitted that Emcon Construction Corporation is a Maryland Corporation, but has insufficient information to admit or deny the remaining allegations contained in paragraph 6.

7. That it is without knowledge as to the allegation contained in paragraph 7 and therefore denies same and demands strict proof thereof.

8. Defendant incorporates by this reference its response to paragraphs 1 through 7 as set forth above.

9-11. That it is without knowledge as to the allegations contained in paragraphs 9 through 11, and therefore denies same and demands strict proof thereof.

12. It is admitted that Defendant YBM filed a Third-Party Complaint, but denies it selected, installed, and/or was responsible for the venting of an exhaust fan as alleged. It is without knowledge as to whether co-Third-Party Defendant, Kwang Soo Kim d/b/a Kim's Electric Company, performed any of the acts alleged in this paragraph.

13-17. That it is without knowledge as to the allegations contained in paragraphs 13 through 17, and therefore denies same and demands strict proof thereof.

18. Defendant incorporates by this reference its response to paragraphs 1 through 17 as set forth above.

19-26. That it is without knowledge as to the allegations contained in paragraphs 19 through 26, and therefore denies same and demands strict proof thereof.

27. Defendant incorporates by this reference its response to paragraphs 1 through 26 as set forth above.

28-32. That it is without knowledge as to the allegations contained in paragraphs 28 through 32, and therefore denies same and demands strict proof thereof.

33. Defendant incorporates by this reference its response to paragraphs 1 through 32 as set forth above.

34-38. That it is without knowledge as to the allegations contained in paragraphs 34 through 38, and therefore denies same and demands strict proof thereof.

39. Defendant incorporates by this reference its response to paragraphs 1 through 38 as set forth above.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46-47. That it is without knowledge as to the allegations contained in paragraphs 46 and 47, and therefore denies same and demands strict proof thereof.

48. Defendant incorporates by this reference its response to paragraphs 1 through 47 as set forth above.

49-56. That it is without knowledge as to the allegations contained in paragraphs 49 through 56, and therefore denies same and demands strict proof thereof.

### THIRD DEFENSE

That any allegations not specifically admitted in this Answer are hereby denied.

### FOURTH DEFENSE

That the fire was caused by other persons over whom this Third-Party Defendant has no control and/or was caused by the sole actions of Defendant/Third-Party Plaintiff, YBM Construction, Inc. and/or co-Third-Party Defendant, Kwang Soo Kim d/b/a Kim's Electric Company.

## **FIFTH DEFENSE**

That it raises all of the affirmative defenses raised by any Defendant in this case, including but not limited to, contributory negligence, assumption of risk, and/or settlement and/or release.

WHEREFORE, having fully answered Erie Insurance Exchange's First Amended Complaint, this Third-Party Defendant prays that Erie Insurance Exchange's First Amended Complaint be dismissed with costs.

**BUDOW AND NOBLE, P.C.**

/s/
_____
Allan A. Noble, Bar # 166926
Suite 500 West, Air Rights Center
7315 Wisconsin Avenue
Bethesda, Maryland 20814
(301) 654-0896 telephone
(301) 907-9591 facsimile
*Counsel for Third-Party Defendant, Emcon Construction Corporation*

## CERTIFICATE REGARDING DISCOVERY

I do hereby certify that a true copy of the foregoing Answer of Third-Party Defendant, Emcon Construction Corporation to Plaintiff Erie Insurance Exchange's First Amended Complaint was served this 15th day of February, 2008 via electronic filing to the following:

Ron L. Pingatore, Esquire
White and Williams, LLP
1800 One Liberty Place
Philadelphia, Pennsylvania 19103
*Counsel for Plaintiffs Travelers Indemnity Company of Connecticut, et al.*

Nicholas G. Karambelas, Esquire
Sfikas & Karambelas, LLP
1201 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20004
*Counsel for Plaintiffs, Travelers Indemnity Company of Connecticut, et al.*

Edward J. Brown, Esquire
McCarthy Wilson, LLP
100 South Washington Street
Rockville, Maryland 20850
*Counsel for Plaintiffs Erie Insurance Exchange, et al.*

Matthew T. Angotti, Esquire
Rachel L. Stewart, Esquire
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Baltimore, Maryland 21201-4135
*Counsel for Defendant/Third-Party Plaintiff YBM Construction, Inc.*

Patricia M. Thornton, Esquire
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 706
Greenbelt, Maryland 20770
*Counsel for Third-Party Defendant Kwang Soo Kim*

/s/
_____
Allan A. Noble, Bar # 166926

J:\CLIENTS\Erie\Emcon, LLC\AnswertoErie FirstAmendedComplaint(02-14-08).wpd