**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al. | * * * | |
| Plaintiffs | * * | Civil Action No. 06-1749 (RMC) (consolidated with 07-1146) |
| v. | * * | |
| YBM CONSTRUCTION, INC. | * * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FILED BY ERIE INSURANCE EXCHANGE

Comes now the Defendant, Kwang Soo Kim d/b/a Kim's Electric Co., by and through their attorneys, Bacon, Thornton & Palmer, L.L.P. and Patricia M. Thornton, and they Answer to the Plaintiff's First Amended Complaint and states the following:

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against this Defendant.

### SECOND DEFENSE

Answering the specific allegations in the Plaintiff's First Amended Complaint by corresponding paragraph number, this Defendant states as follows:

1.   Paragraph one is a jurisdictional paragraph which need not be answered by this Defendant.

2.   Paragraph two is a venue paragraph which need not be answered by this Defendant.

3. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Plaintiff's First Amended Complaint.

4. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph four of the Plaintiff's First Amended Complaint.

5. This Defendant admits that it was doing business in the District of Columbia, but denies the remainder of the allegations of paragraph five of the Plaintiff's First Amended Complaint.

6. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Plaintiff's First Amended Complaint.

7. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Plaintiff's First Amended Complaint.

8. This Defendant reincorporates and realleges each of its defenses to the paragraphs set forth above as if set forth in full herein.

9. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the Plaintiff's First Amended Complaint.

10. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph ten of the Plaintiff's First Amended Complaint.

11. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph eleven of the Plaintiff's First Amended Complaint in that these allegations refer to another Defendant.

12. This Defendant admits that Defendant YBM has filed such a Third-Party Complaint and that the Third-Party Complaint contains such allegations.

13. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph thirteen of the Plaintiff's First Amended Complaint.

14. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph fourteen of the Plaintiff's First Amended Complaint.

15. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph fifteen of the Plaintiff's First Amended Complaint.

16. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph sixteen of the Plaintiff's First Amended Complaint.

17. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph seventeen of the Plaintiff's First Amended Complaint.

18. This Defendant reincorporates and realleges each of its defenses to the aforegoing paragraphs as if set forth in full herein.

19. This Defendant is without information or knowledge sufficient for form a belief as to the truth of the allegations contained in paragraph nineteen of the Plaintiff's First Amended Complaint.

20. This Defendant is without information or knowledge sufficient for form a belief as to the truth of the allegations contained in paragraph twenty of the Plaintiff's First Amended Complaint. This Defendant does specifically deny that it was negligent, and that it was responsible for the design, selection, installation, venting, assembly, and detection of a fire hazard as included in the allegations contained in the First Amended Complaint, paragraph twenty.

21. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one of the Plaintiff's First Amended Complaint.

22. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-two of the Plaintiff's First Amended Complaint.

23. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three of the Plaintiff's First Amended Complaint.

24. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four of the Plaintiff's First Amended Complaint.

25.   This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five of the Plaintiff's First Amended Complaint.

26.   This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-six of the Plaintiff's First Amended Complaint.

27.   This Defendant reincorporates and realleges each of its defenses to the aforegoing paragraphs as if set forth in full herein.

28.   This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-eight of the Plaintiff's First Amended Complaint.

29.   This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-nine of the Plaintiff's First Amended Complaint.

30.   This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph thirty of the Plaintiff's First Amended Complaint.

31.   This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one of the Plaintiff's First Amended Complaint.

32.   This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-two of the Plaintiff's First Amended Complaint.

33. This Defendant reincorporates and realleges each of its defenses to the aforegoing paragraphs as if set forth in full herein.

34. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-four of the Plaintiff's First Amended Complaint.

35. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-five of the Plaintiff's First Amended Complaint.

36. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-six of the Plaintiff's First Amended Complaint.

37. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-seven of the Plaintiff's First Amended Complaint.

38. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-eight of the Plaintiff's First Amended Complaint.

39. This Defendant reincorporates and realleges each of its defenses to the aforegoing paragraphs as if set forth in full herein.

40. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph forty of the Plaintiff's First Amended Complaint.

41.     This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph forty-one of the Plaintiff's First Amended Complaint.  This Defendant specifically denies that it was negligent, and denies that it was responsible for the design, selection, installation, assembly, and detection of a fire hazard of the exhaust fan.

42.     This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph forty-two of the Plaintiff's First Amended Complaint.

43.     This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph forty-three of the Plaintiff's First Amended Complaint.

44.     This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph forty-four of the Plaintiff's First Amended Complaint.

45.     This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph forty-five of the Plaintiff's First Amended Complaint.

46.     This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph forty-six of the Plaintiff's First Amended Complaint.

47.     This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph forty-seven of the Plaintiff's First Amended Complaint.

48. This Defendant reasserts and realleges each of its defenses to the aforegoing paragraphs as if set forth in full herein.

49. This Defendant denies the allegations contained in paragraph forty-nine of the Plaintiff's First Amended Complaint.

50. This Defendant denies the allegations contained in paragraph fifty of the First Amended Complaint, and further denies that it was responsible for the design, examination, assembly, installation, and venting of the exhaust fan. It further denies that it was responsible for the detection or correction of a fire hazard, denies that it was responsible for failing to warn Friendship Dental of a fire hazard, denies that it was responsible for hiring, training or supervising of employees or subcontractors with regard to the exhaust fan, denies that it was responsible for the safe guarding of the premises, and further asserts that all of its work was performed in accordance with recognized industry standards, practices procedures, and methods, and in accordance with applicable codes, statutes and ordinances.

51. This Defendant denies the allegations contained in paragraph fifty-one of the Plaintiff's First Amended Complaint.

52. This Defendant denies the allegations contained in paragraph fifty-two of the Plaintiff's First Amended Complaint.

53. This Defendant denies the allegations contained in paragraph fifty-three of the Plaintiff's First Amended Complaint.

54. This Defendant denies the allegations contained in paragraph fifty-four of the Plaintiff's First Amended Complaint.

55. This Defendant denies the allegations contained in paragraph fifty-five of the Plaintiff's First Amended Complaint.

56.     This Defendant denies the allegations contained in paragraph fifty-six of the Plaintiff's First Amended Complaint.

### THIRD DEFENSE

This Defendant denies any and all allegations of negligence on its part.

### FOURTH DEFENSE

This Defendant asserts the intervening and supervening negligence of persons or entities over whom this Defendant had no authority or control as the sole and/or proximate cause of any damages alleged by the Plaintiffs or any other party.

### FIFTH DEFENSE

This Defendant asserts the statute of repose.

### SIXTH DEFENSE

This Defendant asserts the defense of statute of limitations.

### SEVENTH DEFENSE

This Defendant asserts the defense of contributory negligence on the part of the Plaintiffs as a bar to Plaintiff's First Amended Complaint.

### EIGHTH DEFENSE

This Defendant asserts the defense of assumption of the risk on the part of the Plaintiffs as a bar to Plaintiff's First Amended Complaint.

### NINTH DEFENSE

This Defendant denies that it is responsible for any consequence for defects in the plans and specifications on this project which were prepared by persons or entities other than this Defendant.

**TENTH DEFENSE**

This Defendant denies that it is responsible for electrical wiring which was preexisting, and was not part of the work of this Defendant, and further denies that it is responsible for electrical wiring which was installed subsequent to the work of this Defendant by others.

**ELEVENTH DEFENSE**

The First Amended Complaint is barred by payment and release.

WHEREFORE, this Defendant having fully answered Plaintiff's First Amended Complaint made by Erie Insurance Exchange, et al., this Defendant prays that Plaintiff's First Amended Complaint be dismissed with prejudice against this Defendant.

    Respectfully submitted,
    Bacon, Thornton & Palmer, L.L.P.

    By: /s/ Patricia M. Thornton
        Patricia M. Thornton
        Capital Office Park
        6411 Ivy Lane, Suite 706
        Greenbelt, MD  20770-1411
        301-345-7001
        Attorney for Defendant Kwang Soo Kim
        d/b/a Kim's Electric Co., et al.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of **February, 2008**, a copy of the foregoing was mailed, postage prepaid, first class to:

Allan Ames Noble, Esquire
7201 Wisconsin Avenue
Suite 600
Bethesda, MD  20814
(Third Party Defendant)

Nicholas G. Karambelas, Esquire
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401

Ron L. Pingatore, Esquire
White & Williams, LLP
1800 One Liberty Place
Philadelphia, PA  19103

Matthew T. Angotti, Esquire
Rachel L. Stewart, Esquire
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Baltimore, MD  21201-4135
(Attorneys for YBM Construction, Inc.)

Eric S. Wiener, Esquire, # 451794
2009 N. 14th Street, Suite 410
Arlington, VA  22201
(Attorney for Plaintiffs)

Edward J. Brown, Esquire
USDC-DC Bar # 414365
100 South Washington Street
Rockville, MD  20850
(Attorney for Plaintiffs)

/s/ Patricia M. Thornton
Patricia M. Thornton