**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al. | * * * | |
| Plaintiffs | * * | Civil Action No. 06-1749 (RMC) (consolidated with 07-1146) |
| v. | * * | |
| YBM CONSTRUCTION, INC. | * * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER TO FIRST AMENDED COMPLAINT FILED BY TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, ET AL.**

Comes now the Defendant, Kwang Soo Kim d/b/a Kim's Electric Co., by and through their attorneys, Bacon, Thornton & Palmer, L.L.P. and Patricia M. Thornton, and they file this Answer to the First Amended Complaint Filed by The Travelers Indemnity Company of Connecticut, et al., and state the following:

**FIRST DEFENSE**

The First Amended Complaint fails to state a claim upon which relief can be granted against this Defendant.

**SECOND DEFENSE**

An answer to the specific allegations contained in the First Amended Complaint by paragraph number, the Defendant Kwang Soo Kim d/b/a Kim's Electric Co., states as follows:

1. It is admitted that Plaintiffs have filed suit as indicated.

2. It is admitted that Travelers Indemnity is incorporated as stated and engaged in business as stated, and have a principal place of business as stated.

3. It is admitted that Jennifer Place Condominium Association and Jennifer Place Unit Owners Association are associations as set forth in paragraph three.

4. The allegations of paragraph four are admitted.

5. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph five of the First Amended Complaint.

6. This Defendant is without knowledge sufficient to form a belief as to the truth to the allegations contained in paragraph six of the First Amended Complaint.

7. Each and every defense which were set forth in answer to proceeding paragraphs are reasserted and realleged as if set forth in full herein.

8. This Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in the paragraph eight of the First Amended Complaint.

9. This Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in the paragraph nine of the First Amended Complaint.

10. This Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in the paragraph ten of the First Amended Complaint.

11. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph eleven of the First Amended Complaint.

12. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph twelve of the First Amended Complaint.

13. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen of the First Amended Complaint.

14. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the First Amended Complaint.

15. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of the First Amended Complaint.

16. This Defendant reincorporates and realleges each of its defenses as if set forth in full herein in response to previous paragraphs.

17. The allegations contained in paragraph seventeen involve another Defendant, and need not be admitted or denied by this Defendant.

18. The allegations contained in paragraph eighteen of the First Amended Complaint concern another Defendant and need to be admitted or denied by this Defendant. This Defendant denies, however, that it was negligent, and further denies that it was responsible of the selection, installation, design, specification, or the venting of an exhaust fan as alleged in the First Amended Complaint.

19. This Defendant denies the allegations contained in paragraph nineteen of the First Amended Complaint, as they relate this Defendant.

20. This Defendant reasserts and realleges each of its defenses as if set forth in full herein in response to paragraph twenty of the First Amended Complaint.

**THIRD DEFENSE**

21. It is admitted that Defendant YBM has filed such Third-Party Complaint.

22. It is admitted that YBM makes these allegations in the Third-Party Complaint.

23. The allegations in paragraph twenty-three of the First Amended Complaint and Supplemental Complaint are denied by this Defendant. This Defendant denies that it was

negligent, and further denies that it was responsible for this selection, installation and venting of an exhaust fan.

24.     This Defendant denies the allegations contained in paragraph twenty-four of the First Amended Complaint and Supplemental Complaint.

### FOURTH DEFENSE

This Defendant denies any and all allegations of negligence on its part.

### FIFTH DEFENSE

This Defendant asserts the intervening and supervening negligence of persons or entities over whom this Defendant had no authority or control as the sole and/or proximate cause of any damages alleged by the Plaintiffs or any other party.

### SIXTH DEFENSE

This Defendant asserts the statute of repose.

### SEVENTH DEFENSE

This Defendant asserts the defense of statute of limitations.

### EIGHTH DEFENSE

This Defendant asserts the defense of contributory negligence on the part of the Plaintiffs as a bar to the First Amended Complaint and Supplemental Complaint.

### NINTH DEFENSE

This Defendant asserts the defense of assumption of the risk on the part of the Plaintiffs as a bar to the First Amended Complaint and Supplemental Complaint.

**TENTH DEFENSE**

This Defendant denies that it is responsible for any consequence for defects in the plans and specifications on this project which were prepared by persons or entities other than this Defendant.

**ELEVENTH DEFENSE**

This Defendant denies that it is responsible for electrical wiring which was preexisting, and was not part of the work of this Defendant, and further denies that it is responsible for electrical wiring which was installed subsequent to the work of this Defendant by others.

**TWELFTH DEFENSE**

The First Amended Complaint is barred by payment and release.

WHEREFORE, this Defendant having fully answered the First Amended Complaint and Supplemental Complaint, this Defendant prays that the First Amended Complaint and Supplemental Complaint be dismissed with prejudice with costs to be borne by the Plaintiffs.

Respectfully submitted,
Bacon, Thornton & Palmer, L.L.P.

By:  /s/ Patricia M. Thornton
     Patricia M. Thornton
     Capital Office Park
     6411 Ivy Lane, Suite 706
     Greenbelt, MD  20770-1411
     301-345-7001
     Attorney for Defendant Kwang Soo Kim
     d/b/a Kim's Electric Co., et al.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of **February, 2008**, a copy of the foregoing was mailed, postage prepaid, first class to:

Allan Ames Noble, Esquire
7201 Wisconsin Avenue
Suite 600
Bethesda, MD  20814
(Third Party Defendant)

Nicholas G. Karambelas, Esquire
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401

Ron L. Pingatore, Esquire
White & Williams, LLP
1800 One Liberty Place
Philadelphia, PA  19103

Matthew T. Angotti, Esquire
Rachel L. Stewart, Esquire
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Baltimore, MD  21201-4135
(Attorneys for YBM Construction, Inc.)

Eric S. Wiener, Esquire, # 451794
2009 N. 14th Street, Suite 410
Arlington, VA  22201
(Attorney for Plaintiffs)

Edward J. Brown, Esquire
USDC-DC Bar # 414365
100 South Washington Street
Rockville, MD  20850
(Attorney for Plaintiffs)

/s/ Patricia M. Thornton
Patricia M. Thornton