IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

THE TRAVELERS INDEMNITY COMPANY *
OF CONNECTICUT a/s/o JENIFER PLACE
CONDOMINIUM ASSOCIATION and        *
JENIFER PLACE UNIT OWNERS
ASSOCIATION                        *     Case No.  1:06-Cv-1749
and
THE TRAVELERS INDEMNITY COMPANY *
a/s/o JHM, LLC d/b/a CHADWICK'S AT
FRIENDSHIP HEIGHTS                 *

and                                *

ERIE INSURANCE EXCHANGE            *

    Plaintiffs               *

v.                                 *

YBM CONSTRUCTION, INC.             *

    Defendant                *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**DEFENDANT YBM CONSTRUCTION, INC.S' ANSWER TO**
**ERIE INSURANCE EXCHANGE'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant YBM Construction, Inc. (hereinafter "Defendant" or

"YBM"), by its attorneys Matthew T. Angotti and Rachel L. Stewart, and in response to

Plaintiff Erie Insurance Exchange's First Amended Complaint, states as follows:

    1.    Admit.

    2.    Admit.

3.    Defendant has insufficient information to admit or deny the allegations of paragraph 3 and therefore denies same and demands strict proof thereof.

4.    Admit.

5.    Defendant has insufficient information to admit or deny the allegations of paragraph 5 and therefore denies same and demands strict proof thereof.

6.    Defendant has insufficient information to admit or deny the allegations of paragraph 6 and therefore denies same and demands strict proof thereof.

7.    Defendant denies that there was any breach of duty and damages by or caused by the actions or inactions of Defendant.  Defendant admits that all actions of Defendant relative to this matter occurred in the District of Columbia.

8.    Defendant incorporates by this reference its response to paragraphs 1 through 7 as set forth hereinabove.

9.    Defendant has insufficient information to admit or deny the allegations of paragraph 9 and therefore denies same and demands strict proof thereof.

10.    Defendant admits that it contracted with Doctors Fidel and Bernardes for improvements to Friendship Dental.  Defendant denies all remaining allegations of paragraph 10.

11.    Defendant denies the allegations of paragraph 11.

12.    Admitted.  The Amended Third Party Complaint speaks for itself.

13.    Defendant has insufficient information to admit or deny the allegations of paragraph 13 and therefore denies same and demands strict proof thereof.

14.    Defendant has insufficient information to admit or deny the allegations of paragraph 14 and therefore denies same and demands strict proof thereof.

15.    Defendant has insufficient information to admit or deny the allegations of paragraph 15 and therefore denies same and demands strict proof thereof.

16.    Defendant has insufficient information to admit or deny the allegations of paragraph 16 and therefore denies same and demands strict proof thereof.

17.    Defendant has insufficient information to admit or deny the allegations of paragraph 17 and therefore denies same and demands strict proof thereof.

18.    Defendant incorporates by this reference its response to paragraphs 1 through 17 as set forth hereinabove.

19.    Denied.  The contract speaks for itself.

20.    Defendant denies the allegations of paragraph 20 and all subparagraphs, a through j.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Defendant has insufficient information to admit or deny the allegations of paragraph 25 and therefore denies same and demands strict proof thereof.

26.    Defendant has insufficient information to admit or deny the allegations of paragraph 26 and therefore denies same and demands strict proof thereof.

27.    Defendant incorporates by this reference its response to paragraphs 1 through 26 as set forth hereinabove.

28.    Denied.  The contract speaks for itself.

29.    Denied.

30.    Denied.

31.    Defendant has insufficient information to admit or deny the allegations of paragraph 31 and therefore denies same and demands strict proof thereof.

32.    Defendant has insufficient information to admit or deny the allegations of paragraph 32 and therefore denies same and demands strict proof thereof.

33.    Defendant incorporates by this reference its response to paragraphs 1 through 32 as set forth hereinabove.

34.    Defendant admits that it contracted with Doctors Fidel and Bernardes for improvements to Friendship Dental.  Defendant denies all remaining allegations of paragraph 34.

35.    Denied.

36.    Denied.

37.    Defendant has insufficient information to admit or deny the allegations of paragraph 37 and therefore denies same and demands strict proof thereof.

38.    Defendant has insufficient information to admit or deny the allegations of paragraph 38 and therefore denies same and demands strict proof thereof.

39.    Defendant incorporates by this reference its response to paragraphs 1 through 38 as set forth hereinabove.

40.    Defendant need not respond to the allegations of paragraph 40 as it does not apply to this Defendant.

41.    Defendant need not respond to the allegations of paragraph 41 as it does not apply to this Defendant.

42.    Defendant need not respond to the allegations of paragraph 42 as it does not apply to this Defendant.

43.    Defendant need not respond to the allegations of paragraph 43 as it does not apply to this Defendant.

44.    Defendant need not respond to the allegations of paragraph 44 as it does not apply to this Defendant.

45.    Defendant need not respond to the allegations of paragraph 45 as it does not apply to this Defendant.

46.    Defendant need not respond to the allegations of paragraph 46 as it does not apply to this Defendant.

47.    Defendant need not respond to the allegations of paragraph 47 as it does not apply to this Defendant.

48.    Defendant incorporates by this reference its response to paragraphs 1 through 47 as set forth hereinabove.

49.    Defendant need not respond to the allegations of paragraph 49 as it does not apply to this Defendant.

50.    Defendant need not respond to the allegations of paragraph 50 as it does not apply to this Defendant.

51.     Defendant need not respond to the allegations of paragraph 51 as it does not apply to this Defendant.

52.     Defendant need not respond to the allegations of paragraph 52 as it does not apply to this Defendant.

53.     Defendant need not respond to the allegations of paragraph 53 as it does not apply to this Defendant.

54.     Defendant need not respond to the allegations of paragraph 54 as it does not apply to this Defendant.

55.     Defendant need not respond to the allegations of paragraph 55 as it does not apply to this Defendant.

56.     Defendant need not respond to the allegations of paragraph 56 as it does not apply to this Defendant.

## AFFIRMATIVE DEFENSES

COMES NOW Defendant YBM Construction, Inc. and, in further response to Plaintiff's Complaint, asserts the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by the doctrine of primary and/or contributory negligence.

3. The Complaint is barred by the doctrine of assumption of risk.

4. The Complaint is barred by the applicable statute of limitations.

_____/s/_____
Matthew T. Angotti
Rachel L. Stewart
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Baltimore, Maryland 21201
410-752-1630
angotti@acklaw.com
stewart@acklaw.com
Attorneys for Defendant/Third-Party
Plaintiff, YBM Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February 2008, a copy of Defendant YBM

Construction, Inc.'s Answer to Plaintiff Erie Insurance Exchange's First Amended

Complaint was filed electronically and mailed electronically and/or by first-class mail,

postage prepaid, to:


Ed Brown, Esquire
McCarthy Wilson
100 S. Washington Street
Rockville, Maryland 20850
Attorney for Plaintiff Erie Insurance Exchange

Ron L. Pingatore, Esquire
White and Williams, LLP
1800 One Liberty Place
Philadelphia, Pennsylvania 19103

and

Nicholas G. Karambelas, Esquire
Sfikas and Karambelas, LLP
1201 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20004
Attorneys for Plaintiffs Travelers Indemnity Company and
Travelers Indemnity Company of Connecticut

Patricia M. Thornton, Esquire
Bacon, Thornton & Palmer
6411 Ivy Lane
Suite 706
Greenbelt, Maryland 20770
Attorneys for Kim's Electric

Allan A. Noble, Esquire
Budow and Noble, P.C.
7315 Wisconsin Avenue
Suite 500 West
Bethesda, Maryland 20814
Attorneys for EMCON, LLC


                                        /s/
                        _____
                        Rachel L. Stewart