IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY * <br> OF CONNECTICUT a/s/o JENIFER PLACE <br> CONDOMINIUM ASSOCIATION and   * <br> JENIFER PLACE UNIT OWNERS <br> ASSOCIATION                    * <br> and <br> THE TRAVELERS INDEMNITY COMPANY * <br> a/s/o JHM, LLC d/b/a CHADWICK'S AT <br> FRIENDSHIP HEIGHTS             * <br> <br> and                            * <br> <br> ERIE INSURANCE EXCHANGE         * <br> <br>     Plaintiffs              * <br> <br> v.                             * <br> <br> YBM CONSTRUCTION, INC.          * <br> <br>     Defendant               * | Case No. 1:06-Cv-1749 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT YBM CONSTRUCTION, INC.'S ANSWER TO PLAINTIFFS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT AND TRAVELERS INDEMNITY COMPANY'S FIRST AMENDED COMPLAINT

Defendant YBM Construction, Inc. (hereinafter "Defendant" or "YBM"), by its attorneys, Matthew T. Angotti and Rachel L. Stewart, in response to Plaintiffs Travelers Indemnity Company of Connecticut and Travelers Indemnity Company's Amended Complaint states as follows:

1. Defendant admits that Plaintiffs demand judgment against Defendant but denies that it is entitled to judgment against Defendant.

2. Defendant has insufficient knowledge to admit or deny the allegations of paragraph 2 and therefore denies same and demands strict proof thereof.

3. Defendant has insufficient knowledge to admit or deny the allegations of paragraph 3 and therefore denies same and demands strict proof thereof.

4. Defendant has insufficient knowledge to admit or deny the allegations of paragraph 4 and therefore denies same and demands strict proof thereof.

5. Defendant has insufficient knowledge to admit or deny the allegations of paragraph 5 and therefore denies same and demands strict proof thereof.

6. Admitted.

7. Defendant incorporates by this reference its response to paragraphs 1 through 6 as set forth hereinabove

8. Defendant has insufficient knowledge to admit or deny the allegations of paragraph 8 and therefore denies same and demands strict proof thereof.

9. Defendant has insufficient knowledge to admit or deny the allegations of paragraph 9 and therefore denies same and demands strict proof thereof.

10. Defendant has insufficient knowledge to admit or deny whether and when Friendship Dental Care leased the space at 5247 Wisconsin Avenue, N.W., Washington, D.C. and therefore denies same and demands strict proof thereof. Defendant admits that it contracted with Doctors Fidel and Bernardes to make improvements to their office at 5247 Wisconsin Avenue, N.W., Washington, D.C. known as the Friendship Dental Care.

11. Denied. See also Defendant's Amended Third-Party Complaint.

12. Defendant has insufficient knowledge to admit or deny the allegations of paragraph 12 and therefore denies same and demands strict proof thereof.

13. Defendant has insufficient knowledge to admit or deny the allegations of paragraph 13 and therefore denies same and demands strict proof thereof.

14. Denied.

15. Defendant has insufficient knowledge to admit or deny the allegations of paragraph 15 and therefore denies same and demands strict proof thereof.

16. Defendant incorporates by this reference its response to paragraphs 1 through 15 as set forth hereinabove

17. Denied.

18. Defendant denies the allegations of paragraph 18 and all subparagraphs, a through g.

19. Denied.

20. Defendant incorporates by this reference its response to paragraphs one through 19 as set forth hereinabove.

21. Admitted.

22. Defendant admits that it alleges in its Third Party Complaint that if the allegations asserted by Plaintiffs against Defendant, i.e. that a fan installed pursuant to the contract for improvements to the Friendship Dental Center referenced hereinabove caused a fire and resulting damage to Plaintiffs, are true, then Third Party Defendants are responsible. Defendant denies all remaining allegations of paragraph 22.

23. Defendant admits that it alleges in its Third Party Complaint that if the allegations asserted by Plaintiffs against Defendant, i.e. that a fan installed pursuant to the contract for improvements to the Friendship Dental Center referenced hereinabove caused a fire and resulting damage to Plaintiffs, are true, then Third Party Defendants are responsible as they selected, installed and vented the exhaust fan at issue. Defendant denies all remaining allegations of paragraph 23.

24.  Admitted.

## AFFIRMATIVE DEFENSES

Comes now YBM Construction, Inc. and, in further response to Plaintiffs' Amended Complaint, asserts the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by the doctrine of primary and/or contributory negligence.

3. The Complaint is barred by the doctrine of assumption of risk.

4. The Complaint is barred by the applicable statute of limitations.

                              /s/
                  Matthew T. Angotti
                  Rachel L. Stewart
                  Anderson, Coe & King, LLP
                  201 N. Charles Street
                  Suite 2000
                  Baltimore, Maryland 21201
                  410-752-1630
                  angotti@acklaw.com
                  stewart@acklaw.com
                  Attorneys for Defendant/Third-Party
                  Plaintiff, YBM Construction, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February 2008, a copy of Defendant YBM Construction, Inc.'s Answer to Plaintiffs Travelers Indemnity Company of Connecticut and Travelers Indemnity Company's First Amended Complaint was filed electronically and mailed electronically and/or by first-class mail, postage prepaid, to:

Ron L. Pingatore, Esquire
White and Williams, LLP
1800 One Liberty Place
Philadelphia, Pennsylvania 19103

and

Nicholas G. Karambelas, Esquire
Sfikas and Karambelas, LLP
1201 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20004
Attorneys for Plaintiffs Travelers Indemnity Company and
Travelers Indemnity Company of Connecticut

Ed Brown, Esquire
McCarthy Wilson
100 S. Washington Street
Rockville, Maryland 20850
Attorney for Plaintiff Erie Insurance Exchange

Patricia M. Thornton, Esquire
Bacon, Thornton & Palmer
6411 Ivy Lane
Suite 706
Greenbelt, Maryland 20770
Attorneys for Kim's Electric

Allan A. Noble, Esquire
Budow and Noble, P.C.
7315 Wisconsin Avenue
Suite 500 West
Bethesda, Maryland 20814
Attorneys for EMCON, LLC

                                        /s/
                            Rachel L. Stewart